### IN THE

# Supreme Court

### OF THE

# STATE OF LOUISIANA.

| | |
|---|---|
| **SUPREME COURT———WESTERN DISTRICT,** | |
| OPELOUSAS.............SEPTEMBER 1830. | |

BERARD'S
HEIRS
*vs.*
BERARD.

| 2L | 1 |
|---|---|
| 44 | 840 |

### *BERARDS' HEIRS vs. BERARD.*

**APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF *sixth* PRESIDING.**

In a suit for the price of a tract of land sold, the defendant may successfully *resist* payment on account of error falling on the substance of the thing sold.

Where a back concession is authorised to be located in the rear of the ancestor's plantation; and in the life time of the latter, he and his son locates it in a more advantageous position. At the sale of the ancestors' succession, the proces-verbal of the sale purports to sell only the inchoate titlte or right to the concession—the son who purchases through an agent at sale, will be considered as having purchased the located tract which is most advantageous to him, and not the right to locate it in rear of his ancestors' plantation.

And on being sued for the price of the purchase according to the proces-verbal of sale, he will be deemed to have purchased in error affecting the substance of the thing sold.

On the 8th of December 1821, Jean-Baptiste Berard purchased, thro' the agency of his son, at the sale of his fathers' succession, a back concession of land, containing twelve arpents front with the depth of forty, for the sum of

Western District.
*September*, 1830.

BERARD'S
HEIRS,
*vs.*
BERARD.

$1,600. The land was described in the proces-verbal of sale as lot No. 139, consisting of wood, *as sold as uncultivable land.* His co-heirs and the heirs of Jean Berard deceased, brought suit for the portion coming to them from their fathers' succession. The defendant had refused, and still *resisted* payment on the ground that he purchased in error ; and that if ever the land in question was adjudicated to him, it was without his consent. That it never was delivered to him, and cannot be ; as it never was located.

It seems that when the right accrued to this back concession which was in the life time of the ancestor Jean Berard deceased, he and his son, the present defendant, located in a more advantageous position about two miles from the ancestor's original tract. It appears the defendant authorised his son to bid for the land thus *located,* and which had been surveyed, at the sale of the ancestor's succession, when in fact only the incoate right or title to the succession was sold, and which was to be located in the rear of the ancestor's original tract.

The District Court gave judgment against him on the ground that the error seemed to consist of his supposing that altho' the title called for land in one place, it had been located in another. In the proces-verbal of sale the land is described as situated according to the calls of the original title and not as surveyed. By signing that *proces-verbal,* it appears to the Court that the purchaser admitted the thing acquired by him was *right* of the estate in that grant with the chance of a more advantageous location. The impression that he had taken up, that the land might be located in another place does not in the opinion of the Court shew such an error as annuls the contract &c.

*Bowen* for plaintiffs.—The defendant purchased the land with a full knowledge of the title and locations, and all the circumstances attending it. He lived near it—had been present at the surveying and knew the situation of the ori-

ginal concession—and also the location which was made in the life time of his father.

Western District.
*September*, 1830.

BERARD'S
HEIRS,
*vs.*
BERARD.

The land sold and contained in the proces verbal of sale, was the original grant or concession. This the defendant well knew before he signed the proces verbal. He cannot claim the advantage of having brought in error.

The defendant bought with a knowledge of both locations and took his chance of getting the best. It was a kind of *aleatory* contract. At any rate, in either event he would have got a tract of nearly equal worth. 6th. Toullier 144. No. 38—39—40—41. Louisiana Code, Art. 1819-20.

*Simon & Brownson* for defendant and in reply:

The defendant purchased entirely in error, so much so that when the first instalment became due, he publicly stated it was not the tract he intended to buy.

That his son had attended the sale and bid for him, it was adjudicated to him.

Buying a piece of land in one place when it is situated in another, is error.—5 Part, Tit. 5, Law 20, 1 Pothier on obli. Nos. 17-18.

*Mathews* J. delivered the opinion of the Court.

This suit is brought to recover from the defendant the price of a tract of land said to have been adjudicated to him at the sale of the succession of his father; he being a co-heir with the plaintiffs &c. Payment is resisted by him on account of error falling on the substance of the thing sold. The plaintiffs obtained judgment in the Court below, from which the defendant appealed.

If the error alleged on the part of the appellant is established by the testimony of the case, the legal consequence must be an avoidance of the contract: and it appears to us that the allegations made in the answer to this effect are supported by the evidence.

The sale was made of a back concession which was to have been located in the rear of a plantation held by the

In a suit for the price of a tract of land sold, the defendant may successfully *resist* payment on account of error falling on the substance of thing sold.

Where a back concession is authorized to be lo-

Western District.
September, 1830.

BERARD'S
HEIRS,
vs.
BERARD.

cated in the rear of the ancestor's plantation ; and in lifetime of the latter, he and his son locates it in a more, advantageous position. At the sale of the ancestors' succession the proces-verbal of sale purports to sell only the inchoate title or right to the concession——the son who purchases through an agent at the sale, will be considered as having purchased the located tract which is most advantageous to him, and not the right to locate it in rear of his ancestors' plantation. And on being sued for the price of the purchase according to the proces-verbal of sale, he will be deemed to have purchased in errror affecting the substance of the thing sold.

ancestor of the parties to the present action. He and his son the defendant in this suit, during the life time of the father caused the location to be made in another place. The proces-verbal of sale of the succession purports to sell the right acquired under the inchoate title to land in the rear of the plantation as designated in the *requête*.

But we have no doubt of the intention of the purchaser being to buy the tract which had been actually located. It was more convenient to his residence—its principal revenue consists in wood and timber. It was the understanding of one of the appraisers of the estate of Bernard the father, that this tract was by him appreciated. But it seems not to belong to the succession ; and the vendor has consequently acquired no title under the adjudication to the property which he intends to purchase.

As to him there is error in the sale affecting the substance of the thing sold.

It is therefore ordered, adjudged and decreed, that the judgement of the District Court be avoided, annulled and reversed : and it is further ordered, adjudged and decreed, that judgement be here entered for the defendant, and appellant, with costs in both Courts.