Eastern Dis.
August, 1832.

RAINS
vs.
KEMP.

———————————————

## RAINS vs. KEMP.

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, THE JUDGE OF THE
THIRD PRESIDING.

An appeal returnable on a day when the court does not sit, is null.

The mortgagor of slaves, for a certain sum, may by parole evidence prove usurious interest, although in his answer he has not specified the amount of such a claim.

The facts are stated in the opinion of the court, delivered by Martin, J.

The defendant and appellee prays the dismissal of the appeal, on a suggestion that it is a second appeal taken without the first having been regularly withdrawn or disposed of.

It appears that on the 30th of April, 1831, the present appellant obtained an appeal from a judgement against him in the District Court of the parish of St. Helena, returnable on or before the first Monday of November, then following.

Afterwards, the party, on a suggestion that the appeal had not been made returnable on a judicial day, obtained another returnable on the fourth Monday of April, 1832. The petition for the last appeal is without a date, but that of the order is of the fifth of April.

We consider an order allowing an appeal, returnable on a day on which the court does not sit, as an order allowing one returnable on any day, or not returnable at all. The party may treat it as a nullity, and obtain an order for an appeal properly returnable, if he has not suffered the legal period to elapse, especially when, as in the present case, the appellee has not been cited on the first appeal.

Our attention has been drawn to a bill of exceptions taken by the counsel of the plaintiff to the opinion of the court over-ruling his objection to the introduction of parole evidence, by the defendant, of the value of the services of certain slaves, claimed by the latter in compensation of the plaintiff's demand.

It was contended the court erred. 1. Because the defendant in his answer has stated no specific sum as the amount of the value of these services. 2. Because an unliquidated demand against the transferer, for the services of the slaves, could not be opposed, in this suit, to the liquidated demand of the plaintiff. 3. Because the parole proof went to contradict the original terms of the contract of mortgage between the parties.

The plaintiff sues as assignee of a mortgage on certain slaves, given by the defendant to secure a sum of five hundred dollars. The defendant admitted his obligation to pay the money and the transfer, but averred the obligation is not payable to order or otherwise negotiable, and the contract is on its face usurious, as the original obligee was to have and had, besides interest, the services of the slaves for the use of the money; that the defendant is entitled to the value of these services in compensation of the debts and interest.

On these facts it does not appear that the District Court erred in admitting the evidence. The plaintiff, a mere

EASTERN DIS.
*August*, 1832.

RAINS
*vs.*
KEMP.

An appeal returnable on a day when the court does not sit, is null.

The mortgagor of slaves for a certain sum, may by parole evidence prove usurious interest, although in his answer he has not specified the amount of such a claim.

EASTERN DIS.
August, 1832.

assignee, could not have a greater right than the assignor, and he took the debt *cum onere.* Had the suit been between the original parties, the defendant might have properly sought relief by a plea of reconvention.

The parole evidence was properly admissible to establish the *quantum* of the defendant's claim. It did not contradict the obligation, but tended to ascertain the amount of a claim evidently resulting from the obligation, since the obligee must account for whatever he receives beyond the debt and the interest, legal or conventional, as it may be.

As the defendant had a right to claim the value of the services of these slaves from the plaintiff, evidence of the value was admissible, notwithstanding no specific amount was stated in the answer. This might, perhaps, be an objection to the form of plea of compensation, but it is none to the evidence.

On the merits, the jury found the debt and interest did not exceed the value of the services of the slaves while they were in the possession of the mortgage creditor. The judge approved of the verdict, and we do not see any error in it.

It is, therefore, ordered, adjudged, and decreed, that the judgement be affirmed, with costs.