# SUPREME COURT

OF THE

## STATE OF LOUISIANA.

## WESTERN DISTRICT:

OPELOUSAS....SEPTEMBER, 1832.

BROUSSARD *vs.* SUDRIQUE.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

WESTERN DIS.
Sept. 1832.

BROUSSARD
*vs.*
SUDRIQUE.

4  347
116  955

Where a purchaser of a tract of land, when sued for the price, alleges fraud and error of fact and law, in the contract of sale, by stating his sole motive in the purchase was to benefit the vendor, by enabling him to set up a good and legal title against a claim in warranty, on account of an eviction from the same land, and that the vendor knew at the time such purchase could not subserve his purpose, not being the land from which the eviction took place: under these pleadings parole evidence will be admitted, to prove the error and fraud alleged in avoidance of the contract.

This suit is brought to recover of the defendant one thousand five hundred dollars, the price of three arpens of land by forty deep, on the bayou Teche, sold by the plaintiff to Martin Sudrique. The sale is evidenced by public act, dated

October 18, 1824, and retains a special mortgage until complete payment of the price.

The defendant pleaded a general denial, and alleged the sale from Broussard to him was simulated and fraudulent, and his signature to the act of sale illegally and fraudulently obtained. That he was induced by the plaintiff to sign the act of sale for the three arpens of land, with the express understanding that it should be used in defence of a claim for damages, against the heir of Robicheau, the original vendor of three arpens of land lying in the vicinity of that now sold; the last vendee, Duhamel, having been evicted at the suit of Pierre Broussard, the plaintiff's father. The plaintiff represented the land recovered by his father as actually belonging to him, but that, from feelings of delicacy, he disliked to set up title in his own name against his father. Both plaintiff and defendant were married to heirs of Robecheau, and interested in defeating the claim against said heirs for damages in the aforesaid eviction. That said act was only to be used in defence of said suit for damages, and to be null and void for all other purposes.

He further alleged the plaintiff had no right to the land so sold, which was not the land recovered by his father from Duhamel, and of no use in defence of the claim against Robecheau's heirs for damages in the eviction, and that all this was well known to the plaintiff at the time he made these representations to the defendant, in consequence of which the latter was induced to sign the act, under an error of both fact and law; supposing the plaintiff had a title to it, and that it was the same land recovered from Duhamel, and might be available in defence of his father's claim for damages resulting from the eviction, and which fell upon the heirs of Robecheau.

He prays that the sale may be annulled, declared void, and that he be released from all stipulations therein, as made in error.

In an amended answer, the defendant averred no delivery had been made of the land; that it is the same recovered of Dr. Duhamel, is still in litigation, and that he is disturbed in

his title by suits; that he purchased with warranty against Pierre Broussard, which has failed, the plaintiff never having any title from said Pierre. He prays that the plaintiff be compelled to establish his title from said Pierre Broussard, and on failure, that the sale be cancelled, and he allowed two hundred dollars as damages for breach of the obligations, &c.

The plaintiff excepted to filing the amended answer, on the ground that it contained new issues, changed entirely the nature of the defence, and tended to delay the cause, &c.

In another amended answer it is alleged, that since the recovery of this land by Pierre Broussard, the decree has been annulled by a subsequent judgement; so that all the title claimed by the plaintiff is destroyed, and he is thereby liable to the defendant on his obligation in warranty, &c.

Parole testimony was offered by the defendant, "to prove that the land really intended to be purchased by him was the land formerly in dispute between Pierre Broussard and Dr. Duhamel, &c.; that when the plaintiff made the sale he represented to him that he had a title to the land; and that he, the defendant, made the purchase through error falling on the substance of the thing sold. The plaintiff objected to the parole evidence, as being against the tenor of the written title sued on. The court sustained the objection, and the defendant excepted. There was judgement for the plaintiff, and the defendant appealed.

*Simon,* for plaintiff:

1. Parole evidence is offered by the defendant, to prove matters beyond and contrary to the contents of a public act; to attain this object he alleged error. The evidence is inadmissible. *L. C.* 2256. *Pothier on Ob. nos.* 758–9.

2. The exception to the general rule is applicable only to allegations of fraud or violence, but not as to error. *Pothier on Ob. no.* 765. *Toullier, vol.* 9, *no.* 177.

WESTERN DIS.
*Sept.* 1832.
=========
BROUSSARD
*vs.*
SUDRIQUE.

3. The allegations of error, and the evidence offered, are clearly intended to show that the title to the land sold is not good, but disputed by other claimants. This cannot be shown, for the defendant has not been disturbed in his possession, and there is no adverse title set up to the land.

4. A vague plea of error cannot take this case out of the general rule, and admit parole evidence to destroy a public and written act.

*Brownson*, for defendant:

1. There is error in this case falling on the substance of the thing, which was the object of the contract; the land actually sold not being the same intended to be sold and purchased. Therefore the sale should be annulled.

2. Parole testimony is admissible to prove fraud or error. It is not denied that it is admissible to prove fraud. But if error be a sufficient cause to annul a contract, how can it be proven except by parole evidence? The title is the evidence of the contract; if, therefore, there be no mistake in that evidence, there can be no claim for relief. It is only when the contract, as made, happens not to be the one intended, that relief is required. In how few instances could the law operate, if only written evidence be admissible to prove error. It is scarcely possible to suppose a case where written evidence, without the aid of parole testimony, could establish it.

MATHEWS, J., delivered the opinion of the court.

This suit is brought to recover the price of three arpens of land, fronting on the bayou Teche, with the depth of forty. The price stipulated to be paid, as appears by the contract of sale, is one thousand five hundred dollars, which was payable by instalments, &c. The act of sale is in authentic form, and its execution by the parties is not denied. But the defendant seeks to avoid the contract on the ground pleaded in his answer, viz: simulation, fraud, and error falling on the

WESTERN DIS.
*Sept.* 1832.

BROUSSARD
*vs.*
SUDRIQUE.

substance of the thing bought, and in the motive which induced him to buy, which was well known to the seller (the plaintiff), at the time the contract was made.

·The defendant offered written evidence and testimonial proof, to establish the allegations contained in his answer. Both were rejected by the court below as inadmissible, on account of their tendency to prove facts contrary to the written contract of sale; and judgement being rendered for the plaintiff, the defendant appealed.

The only question, arising in the present state of the cause, is that which grows out of the bill of exceptions, taken by the counsel for the appellant, to the opinion of the judge *a quo*, by which he rejected the testimony offered on the part of his client.

This question is really not without difficulties. On the side of the plaintiff we find an act of sale, made before a notary public in due form, in which the land sold is designated, the price fixed, and terms of payment established with precision. This solemn act the defendant claims to have annulled, on the ground of simulation, fraud and error. If either of these can be established by evidence legally admissible, the contract ought to be anulled, as wanting an essential requisite in all such agreements, *i. e.*, the consent of the parties.

As to the allegation of simulation, that fact, according to our laws and the decisions of this court, admits of no other proof between the parties to a contract, except by a counter letter or something equivalent thereto. But fraud and error are generally susceptible of proof in no other way than by witnesses; for it can never be presumed that men do reduce to writing, evidences of their frauds or errors, particularly when the latter are gross, and partake of fraud. In the present case, the allegations of fraud and error are so closely connected by the facts stated in the answer, that it is difficult to separate them, in relation to the proof by which they are to be established. The defendant states that the land described in the act of sale is not that which he intended to purchase; and that the motive which induced him to buy would not and

could not have influenced him to take any other land than that which he had in view at the time of the contract, and this to the advantage of the seller.

We find a distinction made in the Louisiana Code, on the subject of errors, between those that fall on the substance of the thing bought and those which relate to the motives of the parties in making the contract. The examples given of the former kind of errors, relate to cases where the form of the thing may be the same, but the substance differs. *L. Code,* arts. 1835—8.

In a case like the present, when error is alleged in the sale of a certain tract of land, designated by locality and contiguous lands, and the purchaser could show no motive which probably caused him to have in contemplation a different tract from that actually sold to him, and by him formally accepted in a written contract, perhaps he would not be authorized by law to prove facts by oral testimony contrary to those contained in the written contract, unless he could show the vendor knew at the time that he was deceiving such purchaser as to the very thing itself sold. Although there may be no difference in land, speaking in relation to the substance of the thing, yet when land is divided by a government into innumerable tracts, and owned by different individuals, and a purchaser intends to buy a certain tract from an owner of several, and the latter sells to him one altogether distinct from that which he intended to buy, such a contract would certainly want the consent of one of the parties in relation to the entire thing, both as to substance and incidents, form, and every thing else. But whether such error,

Where a purchaser of a tract of land, when sued for the price, alleges fraud and error of fact and law, in the contract of sale, by stating his sole motive in the purchase was to benefit the vendor, by enabling him

without fraud on the part of a seller, could be established in favor of the buyer by testimonial proof, need not be settled in the case now under consideration.

The defendant alleges and offered to prove, that he bought the land offered for sale by the plaintiff, with the sole view and motive to enable him to give a good and legal title to persons who were pursuing him in warranty, or about to commence such pursuit, on the ground of eviction from this land intended to be bought, caused by the father of the plaintiff, a

purchaser from the ancestor of the defendant's wife; and that this, the sole motive of the purchaser, was known to the vendor at the time; and, moreover, it is alleged on the part of the defendant, that the land actually bought did not and could not subserve the purposes for which alone the purchase was made; not being that from which the eviction took place.

Under these pleadings, we think the court below erred in rejecting the evidence and witnesses offered. *L. Code*, 1818, *et sequentes.*

In the case of *Berard's heirs* vs. *Berard*, the testimony to prove the error alleged, was admitted without objection or exception. That case has, therefore, no strong bearing on the present.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed, and annulled; and it is further ordered, adjudged, and decreed, that the cause be remanded to said court, to be tried *de novo*, with instructions to the judge *a quo* to admit written or testimonial proof of the fraud and error alleged by the defendant in his answer. The appellee to pay the costs of this appeal.

*WESTERN DIS Sept. 1832.*

to set up a good and legal title against a claim in warranty, on account of an eviction from the same land; and that the vendor knew, at the time, that such purchase could not subserve his purpose, not being the land from which the eviction took place; under these pleadings, parole evidence will be admitted to prove the error and fraud alleged in avoidance of the contract.