### CHARLES A. J. BELOT v. JOHN DONNAVAN.

A witness may be admitted to prove that the date of a bond offered in evidence was a
   a clerical error, and to establish the real time of its execution.

THIS case was tried before the Parish Court of New Orleans,
*Maurian*, J. It was proved that the plaintiff was thrown down and
driven over by a dray, belonging to and in the employment of the
defendant ; and that the injury was not the result of mere accident,
but the consequence of rapid and careless driving.

*Preaux*, for the appellee, submitted the case without argument.
No counsel appeared for the appellant. ·

BULLARD, J. This is an action to recover damages for an injury
received by the plaintiff, in consequence of being run over by the
defendant's dray. He recovered two hundred dollars, and the de-
fendant appealed. The case turns principally upon mere ques-
tions of fact; and on the merits nothing is shown which would
justify our interference. There is, however, a bill of exceptions in
the record, which we are expected probably to notice, although the
case has been submitted by the appellant without argument.

It appears that on the trial, the plaintiff, in order to prove that the
dray was owned by the defendant, and that he had a license to run
it, according to the city ordinances, produced a license bond dated
in 1836, and offered to prove that its proper date was 1837, within
which year the injury was sustained ; and the bill of exceptions was
taken to the ruling of the court, by which that evidence was ad-

mitted.  It was shown, as it appears by the same bill, that the bond was contained in a bound book, all the entries in which, both before and after the one in question, were in 1837, having been altered from 1836 in the printed form; and the evidence was in our opinion properly admitted to show that it was a mere clerical error or omission, more especially as a dray of the same number was actually employed during that year, and we are not to presume, nor could the defendant allege that it was running without any license, and in violation of the city regulations.

*Judgment affirmed.*