## WILLIAMS *v.* VANCE.

Parol evidence is admissible to contradict or add to the stipulations in a written contract for the sale of land, where the party offering it alleges that the land described in the contract was not that which he intended to purchase, and that it was fraudulently substituted by the

vendor for the latter. *Per Curiam:* The admission of parol evidence, for such a purpose, to defeat written contracts, is a rule of universal jurisprudence.

In answer to an interrogatory whether "payment of the note sued on had not been demanded since maturity", propounded to a defendant with reference to the question of costs dependent upon an amicable demand before suit, the latter cannot state in his answer matters striking at the foundation of the action and the validity of the contract out of which it originated.

An appeal will lie though the amount of the note sued on be under $300, where the defendant having set up the invalidity of a contract of which the note sued on was a part, the amount thus involved in the controversy exceeds $300.

APPEAL from the District Court of Union, *Copley*, J.

*Bailey*, for the plaintiff. The parol evidence was properly rejected. Phillips on Evid. vol. 1, p. 548; Ib. Cow. and Hill's Notes, pp. 1384, 1426 *et seq.* 3 La. 459. 10 La. 172. 4 Rob. 290. 16 La. 129. The court did not err in striking out the part of defendant's answer to the interrogatory, which was objected to. C. P. 353. 6 Rob. 1. 9 Rob. 173. The amount in controversy did not authorise an appeal. C. P. 874. 9 Rob. 153.

*McGuire* and *Ray*, for the appellant. The parol evidence should have been received. 4 La. 350. 19 La. 140. 2 La. 3. C. C. 1818.

The judgment of the court was pronounced by

SLIDELL, J. This action is on a promissory note for $225, of which the defendant is maker, and the plaintiff payee. The appellant pleaded a failure of consideration. He averred that this note, with another for the sum of $247 50, was given in consideration of an obligation executed by the plaintiff in his favor, to make him title to a piece of land in the parish of Union, being the west half of the north east quarter of section 25, in township 22, of range — east: That in this contract he was deceived and defrauded by the plaintiff, who described the lands as situated so as to comprise certain improvements, to wit, a dwelling house and out-house, worth at least $300, and also a portion of cleared land, when in truth, and to the knowledge of the vendor, the improvements were on other land, not owned by the vendor; and that these improvements were the chief consideration or motive for the purchase. He prays for judgment in his favor upon the note now sued upon, and for a decree that the other note be returned, and the contract rescinded; or if not entitled to such relief, then that a proper deduction be made from the price, and for general relief, &c.

At the trial of the cause the plaintiff offered the note in evidence, and his title from the United States to the land above described. The defendant also offered the obligation, or "bond for title", above mentioned, describing the land by numbers, &c. as above stated. By a bill of exceptions it appears that the defendant also offered to prove "that there was error in the principal motive for making the contract and giving the note sued upon; that by the representations of plaintiff he was induced to believe that he was purchasing improved lands, on which there was a dwelling house and considerable improvements, but that plaintiff defrauded him by putting into the bond for title particular numbers for lands upon which there are no improvements, lying at a different place from the land shown to him; which evidence was objected to by the plaintiff, on the ground that the bond was only for land by numbers, without saying any thing about improvements, and that oral evidence could not be received to contradict, or add to, the expression in the bond; which objections were sustained by the court, and the evidence was rejected.

The evidence ought to have been received. It went to show that the written contract never had any legal existence or binding force. Fraud vitiates all

WILLIAMS
*v.*
VANCE.

contracts; those who practice it, rarely commit the imprudence of affording written proof of its existence; and if the injured were not permitted to expose it by oral evidence, they would, in almost all cases, be remediless. Hence the admission of parol evidence for such purpose to defeat written contracts, has become a rule of universal jurisprudence. See Story's Equity, vol. 2, § 1531. Greenleaf on Evidence, § 248. *Broussard* v. *Sudrique*, 4 La. 351.

The rejection of the evidence entitles the defendant to have the cause remanded for a new trial. In doing so it is proper to notice another bill of exceptions, taken by the defendant to the order of the court striking out a portion of the defendant's answer to an interrogatory. The sole interrogatory propounded by the plaintiff was : " Has not the amount of said note been demanded of you since maturity ?" To this the defendant answered, that he had had a conversation with the plaintiff, in which the plaintiff said he was in great need of money, but did not, to his recollection, expressly demand payment. He then proceeded to give at length a statement of the reasons why he had not paid the note, disclosing its consideration and the circumstances under which it was given. The court struck out all but those portions responsive to the question propounded. We think the court did not err. Some latitude is allowed in answering interrogatories beyond the simple confession or denial of the fact. In the language of the Code of Practice (article 353), the party interrogated may state some other facts tending to his defence ; provided they be closely linked to the fact on which he has been questioned, and an appeal made to his conscience. But in the present case a latitude is claimed which goes beyond the fair intendment of the lawgiver. The interrogatory went merely to the question of costs, dependent upon " the amicable demand before suit"; and the response runs into matters which strike at the foundation of the action, and the validity of the contract.

In conclusion, we observe in relation to what was said at bar upon the point of jurisdiction, that although the plaintiff sued upon a note not amounting to $300, yet the answer of the defendant set up the invalidity of the entire contract, of which the note was a part. The controversy thus covered an amount exceeding $300, and was brought within our jurisdiction.

It is therefore decreed that the judgment against the defendant, *E. G. Vance*, be reversed, and that this cause be remanded for a new trial as to the said appellant; the plaintiff paying the costs of this appeal.