## GROVES *v.* STEEL et al.

A statement made by a party is inadmissible to explain or contradict a notarial act made by his authority, where he continues to hold the property conveyed to him by the act.

In a *dation en paiement* every thing doubtful or ambiguous must be interpreted against the donee or creditor.

APPEAL from the District Court of Madison, *Selby*, J. *Thomas*, *Stacy* and *Sparrow*, for the appellant. *Bemiss*, for the defendant. The judgment of the court was pronounced by

ROST, J. This case has already been before the Supreme Court, and the facts of it are fully stated in the opinion then delivered, to which reference is made. 2 Ann. Rep. 480. It was remanded on various bills of exceptions, for the admission of evidence rejected on the first trial. One of those bills of exceptions was taken to the opinion of the judge refusing to admit parol evidence to prove the acknowledgements of the plaintiff, *Groves*, before and after the execution of the sale of the land made by *Brown* to him, that he had received the lands in satisfaction of all his claims against *Brown*, and that he particularly specified the debt now in controversy. The case was tried before a jury; the evidence of the acknowledgments of *Groves* was introduced, and the jury returned a verdict in favor of the defendants, which the court below refused to set aside. The plaintiff has appealed from the judgment rendered thereon.

The plaintiff, as stated in the former opinion, was second endorser on two notes, subscribed in the State of Mississippi by *John W. Brown*, for the price of certain slaves introduced by the vendor in that State, in violation of a constitutional prohibition. The drawer having failed to pay the notes at maturity they were duly protested, and an action was instituted upon them in the Federal

Court of this State, against the plaintiff and others. The Supreme Court of the State of Mississippi had previously decided that contracts of this description could not be enforced in that State, and it is in evidence that the plaintiff firmly believed that he would not be held liable on his endorsements. During the pendency of this suit, he received the conveyance of land mentioned in the defendant's answer, for the nominal sum of $13,200. He admits that he did not pay the consideration, and alleges that the land was given to him for what it was worth, in part payment of what he has had to pay on account of his endorsements for *Brown*, in satisfaction of the judgment rendered against him by the Supreme Court of the United States. The defendants, on the other hand, contend, and have adduced witnesses who swear that the land was received by the plaintiff as a full indemnity for his endorsements, at a time when he had no serious apprehension to be compelled to pay. This transfer from *Brown* to the plaintiff has been executed; the original plaintiff in this suit has died; and the land conveyed is now in the possession of his heirs. This is a contract in which the consideration expressed does not exist, and the question which the case presents involves the ascertainment of the true consideration of it. C. C. 1894.

At the trial, the plaintiff offered in evidence the notary before whom *John Brown* executed the act of sale of the land to him, to prove that a few days after the passage of said act the plaintiff asked him if *Brown* had passed an act of sale or mortgage before him, in favor of him the said plaintiff, and if so what were the terms and conditions of said sale or mortgage, and upon being informed of the passage of said act and of its contents, expressed great dissatisfaction therewith, and said that it was wrong and not in accordance with the agreement and understanding between him and said *Brown*. The court below refused to admit this evidence on the ground that the plaintiff could not make testimony for himself, and that his declarations could not be introduced to explain away or contradict a notarial act, made by his authority, he holding the property conveyed by said notarial act at the time the supposed disapprobation of said act is alleged to have taken place, and his succession yet holding the said property.

We are of opinion that the judge did not err. But if the evidence had been admitted, it would not have benefitted the plaintiff. An expression of dissatisfaction on the part of *Groves*, without showing what other contract was intended, could have had no influence on the jury, after he availed himself of that which had been passed in his favor.

The question, what is the real consideration of this contract, is strictly a question of fact. It has been found by the jury in favor of the defendants, and a careful perusal of the record satisfies us that it contains sufficient testimony to authorize the verdict. There may be other testimony which would lead to a different conclusion; but we have no means of acertaining that the jury erred in weighing the evidence, and there is nothing unreasonable in the conclusion to which they appear to have come that, in this arrangement, *Groves* took upon himself the remote risk of paying the whole judgment for the probable chance of keeping the land for nothing.

The transfer from *Brown* to him was a *dation en paiement*, in which every thing doubtful or ambiguous is to be interpreted against him. Troplong, Vente, no. 7.

The loose and irregular manner in which those transactions were conducted

GROVES
v.
STEEL.

by him throughout, renders it extremely difficult to ascertain his rights with precision. The doubts which exist have all been created by him, in a contract in which every thing obscure or doubtful must, as already shown, be interpreted against him.                                        *Judgment affirmed.*