PERIN THOMAS ROBERT *v.* PERIN BOULAT.

*Perin Boulat* purchased property at a Sheriff's sale—the deed was made to *Perin Boulard*. Held: That it was competent for *Perin Boulat* to prove, by parol, that he was the identical person to whom the property was adjudicated.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Baure-gard*, for plaintiff. *Castera* and *Roselius*, for defendant and appellant.

BUCHANAN, J. This is a petitory action. The plaintiff and defendant both claim to be owners of the *locus in quo*, two lots of ground on Carondelet Walk,

ROBERT
v.
BOULAT.

in this city, under the same title, to-wit: a Sheriff's sale made on the 22d of May, 1848, in execution of a judgment at the suit of *John Hagan* v. *Michael Gallagher*, in the Fourth District Court of New Orleans. The Sheriff's deed shows, that at said sale, the property was adjudicated to *Perin Boulard*, for the price of three hundred and seventy dollars, payable cash, which price the Sheriff acknowledges to have received; and the only question in the cause is one of fact, namely, the identity of the vendee in the said deed mentioned.

The plaintiff has given in evidence certain probate proceedings, from which it results, that an inventory was made on the 27th April, 1849, by the Recorder of the Parish of Natchitoches, at the last residence of *Perin Boulard*, late of said parish, deceased, at a place called "Boulard Landing," about fifty-one miles below the town of Natchitoches, in the Parish of Natchitoches, of the effects of said deceased, being the stock of goods in a store, the furniture of a house, some horses, a gold watch and chain, in the hands of Madame *Boulard*, and other personal effects. Another inventory was afterwards made in the city of New Orleans, by a notary public, on the 22d of June, 1849, which comprised certain jewelry and a gold watch, included in the first inventory, but re-appraised for want of fetching the price of the first appraisement; also the two lots of ground claimed in this suit. This last inventory was made at the request of *Rose Boulard*, widow of *Carlos Alvarez*, of this city, dative testamentary executor of the succession of her late father, *Perin Boulard*, and pursuant to an order of the Third District Court of New Orleans. This inventory makes no mention of the title by which the deceased acquired the property in question, neither does it, nor the inventory made in Natchitoches, contain any minute titles or other valuable papers (" *depouillement de papiers*"). Beyond the identity of the name, there is, in fact, nothing in the record which connects the deceased, under whom the plaintiff claims, with the adjudicatee at the Sheriff's sale in May, 1848.

On the part of the defendant, it is contended that he was the identical person who bought and paid for the lot of ground in question, at the Sheriff's sale; that his true name is *Perin Boulat*, and that the spelling of his surname, *Boulard*, in the Sheriff's deed, is a mere clerical error, which ought not to prejudice him. The Court below having allowed him to offer parol evidence of this error, the plaintiff excepted to such ruling, on the ground that it was proof which contradicted a public act.

We think the District Court properly overruled the objection. In the case of *Palanque* v. *Guisnon*, 15th Louisiana Reports, 311, the defendant was allowed to show that there was error in the description of the lot sold, as fronting on Frenchman street, and that the lot actually fronted on Morales street. The Court say: "This is not an attempt to prove, by parol, a sale of immovable property, nor to contradict a valid existing instrument, but to show, that by accident or negligence, the instrument in question has not been made the actual depository of the intention and meaning of the contracting parties." The distinction appears to us to be correctly stated by our predecessors; and the case cited to be entirely analogous to the present one. In *Palanque* v. *Guisnon*, the *descriptio loci* was erroneous; here the *descriptio personæ*. Nothing is more arbitrary than the spelling of proper names. And when we find, as in the present instance, two names, which, with a slight variation in the spelling, have almost exactly the same pronunciation, it would seem an unreasonable refinement, pregnant with dangerous consequences, to exclude

the proof that one has been written instead of the other, by the clerk who filled up a deed.

Under this ruling of the Court, the defendant proved, by the Deputy Sheriff who cried the property, that he was the identical person to whom the lots were adjudicated, and who paid the price. This testimony was fully corroborated by two witnesses who were present at the Sheriff's sale. It is also proved that defendant did acts of ownership upon the lots, such as filling up and fencing them in, shortly after the sale. Indeed the form of this action, (petitory,) admits the possession of the defendant. The plaintiff has proved that the taxes of 1848 and 1849, were paid by the attorney of the succession of *Perin Boulard*; after the bill had been presented by the tax collector to the defendant for payment, who refused to pay, saying that the name in the tax receipt was not in his name. We do not consider this refusal to amount to a disclaimer of property in the defendant. The evidence establishes to our satisfaction, that the defendant is the owner of the property in controversy, and that his name was misspelt in the Sheriff's deed. There is no conflict of evidence in relation to the circumstances of the Sheriff's sale. It does not appear that the deceased, *Perin Boulard*, ever sat up any claim or pretension to be the owner of this property, although he lived several months after the date of the Sheriff's sale; and this negative circumstance is received by us as corroborating the positive and direct evidence given by defendant's witnesses.

Judgment reversed; and judgment rendered for defendant, with costs in both Courts.