On motion to dismiss.
Manning, 0. J.
This appeal was taken by motion, and is returnable on first day of November 1877, instead of the first Monday of November, which is the opening day of the term. The motion to dismiss is based upon the ground that no appeal can be made returnable on the first day of November, the court not being in session then. The ruling in Rains v. Kemp is cited by the appellee as conclusive upon the question, it being said there that an order of appeal, returnable on a day on which the court does not sit is equivalent to an order allowing the appeal to be returned on any day, or not to be returned at all, and may be treated as a nullity. 4 La. 318.
But that ease was decided in 1832, and the statute of 1839 operated ■a great and necessary change in the mode or causes for which appeals were dismissable. The rankest injustice had been so often done by the dismissal of appeals for all' manner of technicalities and informalities, that provision was then made, saving parties appellant from dismissal for defects or irregularities not imputable to them. Rev. Stats. 1870, sec. 36.
It is alleged however here that the defect is imputable to the appellant, because the motion is written by his attorney and the day is fixed therein, and the judge merely adopted the day thus fixed.
An order of court, whether written by the attorney of one of the litigants or by the clerk, is the act of the judge. In the country parishes, the habit of lawyers is to Write the judgments for the judge who signs them, and such judgments thus signed are no more the acts of the attorney than is an order of appeal, such as that made in this case, and which is written by the attorney, as is the habit of practitioners here. It was the judge who made the order of appeal, and who named an improper day for its return, and the appellant cannot be prejudiced by his act.
It was lately held that where an application for appeal was made in writing, and the time for its return made by the judge was the same as that asked by the appellants, the error was their own and they must bear its consequences. Citizens Bank v. Ruty, 26 Annual, 747. It would seem that the appeal in that case was made by petition in which the appellant formally and expressly mentioned the return day. Perhaps we *596 should not have ruled as the court then did, but in the present instance we hold that the order of appeal is the act of the judge and a mistake of a return day made by him cannot be visited upon the appellant.
The motion to dismiss is denied.