## No. 8947.

JULIA S. ARMSTRONG, WIFE OF G. H. WRIGHT, VS. H. A. ARMSTRONG.

| 36 | 549, |
| 50 | 215 |
| 36 | 549 |
| 108 | 552 |
| 36 | 549 |
| 116 | 955 |

Parol evidence is admissible between the parties to show error in an act of mortgage. Hence, it will be competent for a mortgagee to prove by parol evidence that there is an error in the act which restricts his mortgage to one-half of a piece of property, and that the real contract was that his mortgage should affect or cover the whole of the property.

APPEAL from the Twenty-fourth District Court, Parish of St. Bernard. *Livaudais*, J.

*C. McRae Selph* for Plaintiff and Appellee.

*John S. Tully* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. The object of plaintiff in this litigation is to obtain judicial correction of an alleged error in an act of sale and mortgage. She states that she was the holder and owner of a promissory note of $2500, secured by mortgage on a piece of property owned in indivision and in equal shares by her brothers, Christian D. and Henry A. Armstrong, when the former concluded to sell his share of the property to his brother.

That at the instance of the purchaser she agreed to return and cancel her original note, and to accept in lieu thereof his individual note to be secured, as before, on the whole of the property originally mortgaged in her favor.

She then charges that through the error of her attorney, who wrote the original draught of the act of sale from Christian Armstrong to his brother, her note was secured by mortgage on the property sold, to-wit: *one-half only*, and not on the whole of the immovable as agreed upon, and as her claim was originally secured. Alleging that although the defendant had frequently acknowledged that error and promised to rectify it, he has finally refused to execute the necessary act, she prays for judgment compelling him to execute the additional mortgage so as to secure her note on the entire property, and she joined to her action a prayer for an injunction so as to guard against any alienation or encumbrance of the property to the prejudice of her mortgage rights.

The defense was a general denial and the judgment below is in favor of plaintiff allowing her all the relief which she prayed for.

Defendant's contention is that parol testimony is inadmissible to support plaintiff's allegations, on the ground that such evidence is calculated and was intended to have effect against or beyond wl at is contained in the act of sale and mortgage, and to prove a verbal mortgage, in direct contravention of prohibitory laws. C. C. Arts. 2276, 3305.

Hence, he objected to the introduction of all parol evidence in the premises and he has reserved his bill of exceptions to the judge's adverse ruling.

His counsel has industriously collected an immense array of authorities, principally decisions of this Court, and has submitted them to our consideration, in support of his proposition to the effect that parol evidence cannot be admitted against or beyond what is contained in the acts, and that no proof can be admitted of a verbal mortgage.

The proposition is undeniable and is supported both by the textual provisions of the Code and by uniform rulings in numerous judicial adjudications. But this is not the issue of the case.

The purpose of the proffered testimony was simply to show error, and it was clearly admissible for that object.

It is a rule of universal jurisprudence that parol evidence will be heard to show error in a contract; it is susceptible of such proof only, and under proper allegations, parties will be heard to show that a valid existing instrument, from accident or error does not contain the real intention and meaning of the parties.

The rule has been frequently considered by this Court, and has been invariably applied in that sense.

Hence, it has been held that parol evidence was admissible to show that a mortgageor was to receive services besides interests on his investment; to show error in the description of lands and boundaries of the

same in an act of sale, to show error in the name of the purchaser in a sale of immovable property; to show error in the date of a receipt and even of a judgment. Rains vs. Kemp, 4 La. 319; Palanque vs. Guesnon, 15 La. 311; Belot vs. Donovan, 1 Rob. 257; Blanchard vs. Gloyd, 7 R. 547; Hiestand vs. Forsyth, 12 R. 371; Robert vs. Boulat, 9 A. 29; Fleming & Baldwin vs. Scott et al. 26 A. 545.

The same principle was considered by the present Court, and we took occasion to make a thorough review of our whole jurisprudence on the subject, which resulted in an unreserved re-affirmance of the doctrine. Levy vs. Ward, 33 A. 1033; See also Vignie vs. Brady et al. 35 A. 560.

Parol evidence was, therefore, properly admitted in this case for the purpose of showing error in the act of mortgage. An examination of that evidence has satisfied us that it conclusively proves all of plaintiff's allegations on the subject of the alleged error, and hence we conclude that the judgment appealed from has done justice between the parties.

Judgment affirmed.