Hon. FÉLIX P. POCHÉ,
Hon. ROBERT B. TODD,  } *Associate Justices.*
Hon. CHARLES E. FENNER,
Hon. LYNN B. WATKINS,

---

## No. 181.

### LIZZIE DICKSON VS. W. P. FORD, CLERK, ET AL.

Parol testimony is admissible to show the real consideration of a contract evidenced by an authentic act, when the same is not expressed or described therein. The mortgagor who acknowledges an indebtedness as the foundation of the mortgage, when the act makes no mention of the source or origin of the debt, can have recourse to parol evidence to show the consideration of the debt or principal obligation, as a necessary step to establish the subsequent extinction or satisfaction of the debt.

The reason of the rule is that the evidence is admissible, not to vary or contradict the act, but to perfect it by supplementing omitted information.

A party who allows his former attorney to give evidence of matters confided to him by the client, without objection, will be presumed to have given his consent thereto, as provided for in Article 2283, C. C.

A PPEAL from the First District Court, Parish of Caddo. Taylor, J.

---

*Wise & Herndon* for Plaintiff and Appellee.

*Land & Land* for Curator *ad hoc,* and *J. H. Shepherd* for W. R. Barstow, Appellants:

---

*Absent during the whole of this term on account of illness.

Dickson vs. Ford, Clerk, et al.

1.  Authentic acts make full proof against the parties, not only of their agreement, but also of what passed before the notary.  Succession of Tete, 7 Ann. 95.
2.  In the absence of a specific averment of error, fraud, ambiguity and the like, oral testimony is especially inadmissible to show that the consideration mentioned in an act of mortgage was not the true consideration.  Such testimony necessarily varies and adds to the terms of the written instrument.  Vial vs. Moel, 37 Ann. 203.
3.  Attorneys at law are prohibited from divulging confidential communications, without the consent of their client.  C. C. 2283; 4 N. S. 361; 2 Ann. 923; 15 L. 88; 15 Ann. 553.
    The law being prohibitory, will be enforced by the court, though no formal bill be reserved. 23 Ann. 747; 24 Ann. 401; 26 Ann. 221.
4.  The filing of a reconventional demand interrupts prescription.  Driggs vs, Morgan, 10 R. 119.

The opinion of the Court was delivered by

POCHÉ, J.   Plaintiff sues for the cancellation of a special mortgage of $2,500, which she executed in January, 1881, in favor of W. R. Barstow, who is made a party hereto as well as his assignee, Wm. Thurman, the present holder of the mortgage, who is herein represented by a curator *ad hoc.*

Plaintiff avers that the sole purpose and the true consideration of the mortgage were to secure Barstow from any loss or damage which might have resulted from a release bond in a litigation then pending against her, which bond had been procured for her by Barstow on his personal responsibility, and that said litigation having been finally settled and the demand against her having been fully satisfied, the purpose of the mortgage no longer exists, and that it should be cancelled.

The defense is a general denial, coupled with the averment of the good faith of the transfer from Barstow to Thurman in August, 1885, with a plea of estoppel of plaintiff's denial of an indebtedness acknowledged in an authentic act importing a confession of judgment, followed by a demand in reconvention for a judicial recognition and enforcement of the mortgage.

The defendants have appealed from a judgment in favor of plaintiff.

The serious contention in the case involves the objection to any parol evidence to show the alleged true consideration of the mortgage, on the ground of the familiar rule that such evidence cannot be admitted against or beyond what is contained in the acts.   C. C 2276.

That rule has been the subject of countless adjudications from this Court, and it has been uniformly interpreted and construed so as to admit parol evidence to show error or fraud in the acts, or to show the real cause of the contract when the same is not fully expressed or described therein.

Such a construction was followed in very recent opinions of this

Court as at present composed, but the earnestnes; with which defendants' able counsel have urged the vigorous enforcement in this case of the general rule, as an inflexible bar against all attempts to abridge or modify the irresistible force and effect of authentic acts, has induced us to go once more over the whole field of discussion on this subject, and to review our whole jurisprudence on a point of more than ordinary importance and of great interest.

Our study of the question includes the consideration of a case so strikingly similar to the controversy in hand that we herein transcribe in full the language used by Judge Martin as the organ of the Court in his statement of the salient points discussed in the case of Falcon vs. Boucherville, 1 Robinson, p. 337:

"The defendant is appellant from a judgment perpetuating an injunction obtained to stay proceedings on an order of seizure and sale which he had procured, the judgment having been rendered on the ground of the absence of any consideration to support the defendant's claim to the mortgage he sought to enforce. The authentic act, from which the confession of judgment is said to result, expresses only that the mortgagor has declared that he owes the mortgagee the sum of three hundred dollars, without stating the nature of the debt or the consideration from which it arises. The plaintiff alleges that the real consideration of the debt of $300 mentioned in the authentic act was the payment by the mortgagee of a judgment which Foley had obtained against the mortgagor for $96 and interests, and a compensation to the mortgagee for his services in a suit which he was to carry on for the mortgagor. * * * That the mortgagee has utterly neglected and refused to pay the said judgment * * * or to institute the suit aforesaid; whereby the consideration of the debt of $300 for which the mortgage was given has entirely failed. Our attention is first drawn to a bill of exceptions taken by the defendant to the admission of parol evidence to establish the nature of the consideration of the debt and its failure. It does not appear to us that the court erred. The plaintiff relied on the failure of the consideration, and as this consideration was not stated in the act, it became necessary to establish it by testimony, in order to prove its failure."

The testimony was admitted and considered, and under its effects the mortgage was annulled.

Now, in the instant case, it appears from the act that the mortgagor only acknowledged an indebtedness of $2500 to the mortgagee, for which she executed her note payable in six months, and granted the mortgage, and the act contains no statement as to the nature or origin

of the debt. Defendants contend that such language necessarily and exclusively infers the existence of a past contracted indebtedness, and that nothing is open to explanation or discussion.

In this lies their principal error, for in this case as well as in the Falcon case, the consideration of the mortgagor's indebtedness may have arisen from some other cause; in the former case it was alleged to have arisen from obligation of the mortgagee to pay a judgment obtained against the mortgagor, and to render certain future services; in this case it is averred to have arisen from the responsibility assumed and the risk incurred by the mortgagee in procuring a release bond for the mortgagor. Jurisprudence and the common experience of business men alike demonstrate that a past pecuniary indebtedness is not the exclusive source of an indebtedness sufficient to serve as a foundation for a mortgage.

Article 3292 of the Civil Code provides: "A mortgage may be given for an obligation which has not yet risen into existence; as when a man grants a mortgage by way of security for indorsements which another promises to make for him."

The source of indebtedness used as an example in that article is of the essence of the source of indebtedness which plaintiff alleges as the foundation of the mortgage which she executed in favor of Barstow.

Hence we conclude that the silence of the act touching the origin of the obligation which the mortgage was intended to secure, left the door open to parol evidence to supplement the omitted information as a necessary step to show the subsequent failure, or more properly, the contingent future extinction of the consideration of the mortgage. It is elementary that when the obligation secured by the mortgage becomes extinguished by any legal mode, the mortgage itself ceases to exist. In the textual language of the Code (art. 3285), "in all cases when the principal debt is extinguished the mortgage itself disappears with it."

The legal and true purport of the proffered parol evidence, as we understand from the record, is not to vary or contradict any of the recitals of the authentic act, not to disprove the existence of a mortgage as contemplated therein or created thereby, not to establish the non-existence of the consideration or of the principal debt which is therein stipulated as the foundation of the mortgage resulting therefrom, but simply to establish the true and covenanted source or origin of the principal debt or obligation sought to be secured, not as a means of defeating the legal force and effect of the mortgage resulting from the contract, but merely to establish the subsequent extinction of the in-

debtedness acknowledged by the mortgagor, the true source of which was not set forth or recited in the act, as a means of extinguishing the mortgage as the obligation accessory thereto.

To that end and under that restriction the proffered parol evidence was legally admissible, and in that light we have considered it.

The reason or the philosophy of the rule which, as an exception, flows logically from the very terms of the general rule, is that parol evidence, in such cases, is admitted, not against or beyond what is contained in the acts, as a contradiction of the clear recital, or legal meaning of the stipulations contained therein, but on the contrary, to give effect to the contract arising therefrom, by supplementing necessary information omitted therefrom, or to ascertain the true intent of the parties when the same is not clearly expressed or described therein.

As thus understood and construed, the rule is not amenable to the charge that it tends to destroy or impair the sanctity or binding force of authentic acts, but on the contrary, it tends directly to enhance the validity and efficacy of such acts, by substituting light for darkness, certainty for obscurity, and truth for error.

It is under the sense of such a duty that this court has so uniformly sanctioned the rule, and has applied in the following cases, which we have selected from a multitude of adjudications in similar controversies: Berard vs. Berard, 2 La. 3; Broussard vs. Subrique, 4 La. 350; Palangue vs. Guesnon, 15 La. 311; Williams vs. Vance, 2 Ann. 909; Roberts vs. Boulat, 9 Ann. 29; Laramia vs. Courrégé, 13 Ann. 25; Fleming et al. vs. Scott et al., 26 Ann. 545; Cole vs. Smith, 29 Ann. 551; Jackson vs. Miller, 32 Ann. 432; Levy vs. Ward, 33 Ann. 1033; Vignie vs. Brady, 35 Ann. 560; Armstrong vs. Armstrong, 36 Ann. 551; Bellock vs. Gibert, 36 Ann. 565.

We therefore find no error in the ruling of the district judge, as complained of in defendant's bill of exceptions.

In our examination of the evidence in the record we are met by an objection of defendant's counsel to the consideration of the testimony of W. H. Wise, one of the present counsel of plaintiff, on the ground that he was at the date of the act, the agent or attorney of Barstow, for the purpose of accepting the mortgage, and that he is prohibited by law from giving evidence of anything that has been confided to him by his client.

Without expressing any opinion as to whether Mr. Wise was in that transaction the attorney or counsel of Barstow, or whether the subject-matter of his testimony involves the disclosure of confidential communications, within the meaning of the law invoked against him (C.

C., art. 2283), we find from the record that no objection was made below to his testimony by Barstow or his counsel, but that on the contrary, he was cross-examined, without any reservation or explanation, touching the instructions received by him from Barstow in connection with the mortgage in question.

The argument that the law is absolutely prohibitory, and that this court must *exproprio motu* discard any testimony given below in violation thereof, even in the absence of any objection, is not sound, and is not sanctioned by the text of the article.

Unlike the prohibition contained in article 2278 of the Code, touching the absolute and unqualified exclusion of parol testimony to prove certain facts, art. 2283 contains a very material qualification to the prohibition, namely, that the attorney shall not give such evidence " without the consent of such client." As no objection was urged by the client or his present counsel at the trial below, the consent of the client must be presumed, and the evidence thus becomes legal and admissible. In such cases the client will not be allowed to take his chances of testimony of his former attorney, if the same be favorable to his cause, and to subsequently repudiate the same if he is frustrated in his expectations.

After a thorough examination of the evidence, we reach the conclusion that it is overwhelmingly in support of all the necessary allegations of plaintiff's petition, and that Thurman, the assignee, who acquired the note long after its maturity, is subject to all the equities which could and do affect the original mortgagee.

Judgment affirmed.