118 So.2d 122

**Mrs. Beatrice Dedon LOVE**

v.

**Hubert DEDON.**

No. 43969.

Feb. 15, 1960.

———◆———

John McK. Taylor, Seale, Kelton & Hayes, Baton Rouge, for plaintiff-appellant.

John L. Avant, Baton Rouge, for defendant-appellee.

FOURNET, Chief Justice.

This suit was instituted by Mrs. Beatrice Dedon Love against her former husband, Hubert Dedon, to have rescinded and set aside two deeds dated February 10, 1954, executed by them before Thomas B. Pugh, Notary Public, one transferring defendant's interest in and to a house and lot[1] to the plaintiff for the recited consideration of $2,108.87 cash and the assumption of the unpaid balance of $6,891.13 due on a mortgage note affecting said property, and the other transferring plaintiff's interest in and to a ten acre tract of land[2] to the defendant for a recited consideration of $2,108.87 cash, claiming as grounds for the nullity[3] that both properties were acquired during their marriage and the parties, though legally separated by judgment of Court, as recited in said deeds, were still legally married at the time of the execution of the documents; and inasmuch as the instruments purport to be sales, entered into between husband and wife, as such the contracts are illegal, null and void and should be set aside.

The defendant, having filed exceptions of no right or cause of action, contended that the instruments were executed to effect a settlement of the community previously existing between the parties, and on trial of the exceptions an effort was made to offer proof that the true consideration of the instruments was a settlement of the community claims—to which objection was made by counsel for the plaintiff on the ground that such evidence was inadmissible in that the documents, being authentic in form, under the provisions of the Revised Civil Code are full proof of the agreement between the parties. The exceptions were referred to the merits, following which the defendant answered, admitting the property was acquired during the community but specially averring that while the Acts were in the form of sales, each reciting the identical cash consideration, the said cash consideration was not in fact paid; the two instruments were executed simultaneously and this was the form used for the partition of the community property, whereby the plaintiff became the sole owner of the lot and house and the defendant the sole owner of the ten acre tract.

1. This is described in the Act of Sale as Lot 1, Square C of Sunset Heights Subdivision of the Parish of East Baton Rouge.
2. The land is described as situated in the Third Ward of the Parish of East Baton Rouge, the ten acres being taken from the southeast corner of Lot Four of the subdivision of N. King Knox property.

3. Under the pleadings it is intimated that plaintiff's signature was obtained under duress in that she did allege that it was after continual annoyance, harassment and nagging that she signed the deeds; and plaintiff also, in a supplementary petition, pleading lesion beyond moiety; but both of these have been abandoned since they are not assigned as errors nor were they discussed either orally or in brief by appellant.

The Trial Judge, in a well considered opinion, observing that under Article 2446 of the Civil Code a transfer of property or a contract of sale may be made between husband and wife if said husband and wife are judicially separated and the consideration is the payment "of his or her rights," concluded "that the two sales were executed for the genuine or real consideration of effecting a partition of the community and, in consequence, in payment of his or her rights in said community."

■ Counsel for plaintiff-appellant strenuously urged in argument here, both orally and in brief, that under the express provisions of the Revised Civil Code, the Acts, being authentic in form, make full proof of the agreement contained in them (Article 2236) and that parol evidence cannot be admitted *"against or beyond* what is contained in the acts, nor on what may have been said before, or at the time of making them, or since" (Article 2276, emphasis ours), in the absence of allegations or proof of fraud, or error, or force, or forgery, or the existence of a counter letter, unless it be in the opposing party's answers under oath to interrogatories on facts and articles—citing as further authority Templet v. Babbitt, 198 La. 810, 5 So.2d 13; Cary v. Richardson, 35 La.Ann. 505; Godwin v. Neustadtl, 42 La.Ann. 735, 7 So. 744; and Sonnier v. Fris, 220 La. 1085, 58 So.2d 393.

■■ A perusal of the cases relied on will readily disclose that they are clearly inapplicable to the case at bar and no useful purpose would be served in analyzing them here. Counsel has obviously overlooked a long line of jurisprudence prevailing in this State that the motive or real consideration can always be established by parol evidence and that "The cause of a contract is always open to proof explanatory of its true nature, as between the parties." Saramia v. Courrégé, 13 La.Ann. 25. "To say that this is to permit parol evidence to contradict the written contract is an abuse of terms." Jackson v. Miller, 32 La.Ann. 432, 435. To the same effect, see Berard's Heirs v. Berard, 2 La. 1; Broussard v. Sudrique, 4 La. 347; Palangue v. Guesnon, 15 La. 311; Williams v. Vance, 2 La.Ann. 908; Delabigarre v. Second Municipality of New Orleans, 3 La.Ann. 230; Groves v. Steel, 3 La.Ann. 280; Robert v. Boulat, 9 La.Ann. 29; Fleming v. Scott, 26 La.Ann. 545; Brown v. Brown, 30 La.Ann. 966; Vignie v. Brady, 35 La.Ann. 560; Armstrong v. Armstrong, 36 La.Ann. 549; Dickson v. Ford, 38 La.Ann. 736; Landry v. Landry, 40 La.Ann. 229, 3 So. 728; Linkswiler v. Hoffman, 109 La. 948, 34 So. 34; Eugene Dietzgen Co. v. Kokosky, 113 La. 449, 37 So. 24, 66 L.R.A. 503; Phelan v. Wilson, 114 La. 813, 38 So. 570; Sere v. Darby, 118 La. 619, 43 So. 255; Guaranty Bank & Trust Co. v. Hunter, 173 La. 497, 137 So.

904; Citizens' Bank & Trust Co. v. Willis, 183 La. 127, 162 So. 822; Warden v. Porter, 228 La. 27, 81 So.2d 707; Collins v. Brunet, 239 La. 402, 118 So.2d 454. In the last named case, this day handed down, we quoted with approval the following excerpt from Dickson v. Ford, supra: "The reason or the philosophy of the rule which, as an exception, flows logically from the very terms of the general rule, is that parol evidence, in such cases, is admitted, not *against* or *beyond* what is contained in the acts as a contradiction of the clear recital or legal meaning of the stipulations contained therein, but on the contrary, to give effect to the contract arising therefrom, by supplementing necessary information omitted therefrom, or to ascertain the true intent of the parties when the same is not clearly expressed or described therein. As thus understood and construed, the rule is not amenable to the charge that it tends to destroy or impair the sanctity or binding force of authentic acts, but on the contrary, it tends directly to enhance the validity and efficacy of such acts, by substituting light for darkness, certainty for obscurity, and truth for error." 38 La.Ann. at page 740; emphasis ours.

For the reasons assigned, the judgment appealed from is affirmed.

SIMON, J., absent.

118 So.2d 124