liWOODARD, Judge.
This appeal arises from an action to dissolve an assignment of a royalty interest in an oil and gas lease.
FACTS
In May 1989, plaintiff, GNC Limited Partnership (GNC), hired defendant, Peter Dooley, a geologist, to aid in identifying and developing oil and gas prospects. In addition to his fixed salary, Dooley was eligible to receive an overriding royalty interest in prospects generated by others that he helped to develop, promote, and sell but he could receive an override in a particular prospect under this agreement only after he substantially completed his duties regarding that prospect. GNC retained complete discretion whether to make the award, regardless of whether Dooley performed these duties.
On July 28,1992, GNC transferred to Dooley’s designee, Gregory Production Company, a 0.5% overriding royalty interest in the oil and gas leases covering the North Maurice II prospect in Lafayette Parish. The assignment, a duly acknowledged act under private signature, provided that it was given in exchange for $100.00 and |2“other good and *257 valuable considerations, the receipt and adequacy of which are hereby acknowledged.” GNC asserts that the other consideration consisted of Dooley’s promise to contribute significantly in the future to the development, promotion, and sale of the North Maurice II prospect.
After Dooley terminated his relationship with GNC on April 16, 1993, GNC sued to dissolve the assignment on the basis of failure of consideration, alleging that Dooley failed to fulfill his promise to make a significant contribution to the North Maurice II prospect. However, the trial court sustained Dooley’s peremptory exception of no cause of action, because GNC alleged in its petition that an assignment made pursuant to the parties’ agreement was a “gratuitous bonus,” indicating that GNC expected no consideration in return for such assignments. The court reasoned that failure of consideration cannot form a valid basis for dissolving a gratuitous transfer and gave GNC an opportunity to amend its petition. It did so, stating that the assignment was “discretionary additional compensation.” The trial court again sustained the exception of no cause of action and dismissed the petition, finding that the meaning of the two phrases was the same and, therefore, the transfer was nevertheless gratuitous. GNC now appeals.
LAW
A peremptory exception of no cause of action challenges the legal sufficiency of the plaintiffs petition [City of New Orleans v. Board of Commissioners, 93-0690 (La. 7/5/94); 640 So.2d 237] and should be sustained only if the law affords no remedy for the grievance asserted under any evidence admissible under the pleadings. L.I.S.A. v. Vermilion Parish Police Jury, 617 So.2d 1243 (La.App. 3 Cir.1993). In making this determination, a court must assume that all of the plaintiffs factual allegations are true and resolve all doubt in favor of maintaining the plaintiffs petition. City of New Orleans, 640 So.2d 237. When it reasonably can do so, a court should maintain a petition against a peremptory exception in order to afford the plaintiff an opportunity to present his evidence. Kuebler v. Martin, 578 So.2d 113 (La.1991). Appellate review of a ruling sustaining an exception of no cause of action is conducted de novo because the exception raises a question of law. City of New Orleans, 640 So.2d 237.
|8I. Consideration
GNC alleges that it transferred the North Maurice II royalty interest to Dooley before he performed his duties with respect to that prospect, despite the parties’ agreement that such assignments would be made only after Dooley completed his duties. GNC asserts that an exception was made in this case as a result of the need to facilitate orderly administration of record title to the property. Thus, the North Maurice II assignment was not made pursuant to the general agreement, and it is therefore irrelevant whether a transfer made according to that agreement would be gratuitous. Under the facts as alleged by GNC, which we must accept as true, the assignment at issue in the case sub judice was made in exchange for services to be performed in the future. Consequently, resolving all doubt in favor of maintaining the plaintiffs petition, it is clear that GNC has alleged, regardless of its success at trial, that it expected consideration in return for the assignment. The trial court, therefore, erred in granting the exception of no cause of action.
II. The Paeol Evidence Rule
In order to prevail at trial, GNC must introduce evidence to prove that Dooley owes GNC performance beyond that which he has already rendered, in apparent contradiction of the recital in the Assignment that the royalty interest was exchanged for $100.00 and “other good and valuable considerations, the receipt and adequacy of which are hereby acknowledged.” Dooley urges on appeal that this court should maintain his exception of no cause of action because the parol evidence rule bars the introduction of the evidence necessary to prove this theory.
Under the Louisiana parol evidence rule, testimonial or other extrinsic evidence may not be admitted to vary or negate the contents of an authentic act or an act under private signature. La.Civ.Code art. 1848. *258 An exception of no cause of action is properly-granted when this rule bars the introduction of the evidence necessary to prove the allegations of the petition. Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963).
However, when a written instrument declares that an item has been exchanged for a sum of money and “other valuable considerations,” the nature of the other consideration may be proven by parol evidence. Linkswiler v. Hoffman, 109 La. 948, 34 So. 34 (1903). Such evidence does not violate the parol evidence rule, because it does not contradict or add to the terms of the written instrument, but merely supplies [information necessary to a proper understanding of the parties’ intent in formulating their agreement. Love v. Dedon, 239 La. 109,118 So.2d 122 (1960). Thus, GNC may introduce evidence to prove that the other consideration for which it transferred the royalty interest to Dooley included a promise to perform services in the future.
Further, although a party may not attack an authentic act of sale on the ground that no consideration was given for it if the act itself recites that consideration was given, Templet v. Babbitt, 198 La. 810, 5 So.2d 13 (1941), parol evidence may be admissible to prove failure of consideration, Hogan v. McKeithen, 527 So.2d 982 (La.App. 2 Cir. 1988). GNC alleges subsequent failure, rather than non-receipt, of consideration explicitly acknowledged, and therefore the parol evidence rule does not bar its introduction.
Thus, GNC may introduce evidence to prove that Dooley failed to fulfill his promise to perform certain services for GNC, resulting in failure of the consideration for which the assignment was made. As a result, GNC may be able to prove its claim and obtain relief at trial, and therefore we may not affirm Dooley’s exception of no cause of action on the ground that the parol evidence rule bars the introduction of evidence to prove facts necessary to prove GNC’s cause of action.
CONCLUSION
For the foregoing reasons, we reverse the decision of the trial court and remand the case for further proceedings. Costs of this appeal are assessed against appellee, Peter C. Dooley.
REVERSED AND REMANDED.