No. 208.—S. GIROD, Testamentary Executor, *v.* MARTHA VINES.

*In an action to rescind a sale of immovable property on the ground of lesion beyond moiety,
parol evidence is inadmissible to prove that there was another consideration which entered
into the contract besides that expressed in the deed. In such action, parol evidence is
only admissible to show the value of the property at the date of the sale.*

APPEAL from the Fourteenth Judicial District Court, parish of
Richland. *Ray, J. Todd & Potts,* for plaintiff and appellant.
*Richardson & McEnery,* for defendant and appellee.

This case was tried by a jury in the court below.

HOWELL, J. The plaintiff, as executor of Thomas Williams, de-
ceased, instituted this action to rescind a sale of immovable property
made by Williams to the defendant on the twenty-third December,
1870, on the ground of lesion beyond moiety. The defense is that, for
several months previous to the vendor's death he was infirm and in
declining health; that plaintiff gave him constant care and attention,
and nursed him at his urgent request; and that her services in that
capacity were well worth $500, which sum, in connection with and in
addition to the $100 expressed in the act of sale, was the cause and
consideration of the property sold to her. She, therefore, alleges that
it was not error, imposition, weakness or improvidence on the part of
the vendor that induced him to make the sale, but that a full, just and
legal equivalent was given by her for the land in question.

A verdict and judgment were rendered in favor of defendant, and
plaintiff appealed.

On the trial plaintiff reserved bills of exceptions to the admission
of parol proof of any price or consideration not expressed in the act
of sale.

Girod, Testamentary Executor, v. Martha Vines.

Under article 2276,·R. C. C., the evidence objected to was inadmissible, as it was intended to prove something beyond what is contained in the act. "When parties have deliberately put their engagements into writing, it is conclusively presumed that the whole engagement· of the parties and the extent and manner of their undertaking was reduced to writing; and all oral testimony of a previous colloquium between the parties, or of conversations or declarations, at the time or afterwards, is rejected." Green. on Ev., vol. 1, art. 275. "When a contract has been reduced into writing, nothing which is not found in the writing can be considered as part of the contract." Starkie, vol. 2, p. 550.

This law of evidence applies to the instrument attacked in· this suit. In it the parties agreed and stipulated that the price of the land was $100, and they can not show by parol evidence any other price. Had they intended that the estimated value of the personal services of the vendee were a part of the price, in addition to the sum paid, they should have so expressed the fact and the amount in the act. The allegation that the vendor "was aggrieved by the said sale for more than half the value of said land," does not bring the case within the rule invoked by defendant, which authorizes parol proof of error or fraud to annul written contracts, and the plaintiff has not opened the door by adducing any proof of such error or fraud, but simply as to the value of the property at the date of the sale. The injury complained of is in the price agreed on between the parties, as evidenced by their written contract, which, by the rules of evidence, they can not contradict by parol proof. When the disparity in the price paid and the value of the property is shown, the law declares the injury, which authorizes the rescission of the sale. The defendant does not offer to prove that there was error in stating the price to be $100 when it should be $600, as was actually agreed on, but another and further consideration, to wit: her services, which, she alleges, are worth $500.

Upon the question of value, the answer virtually admits it to be $600 and the testimony of several witnesses fixes it at a larger sum.

It is therefore ordered that the verdict of the jury and the judgment appealed from be reversed, and that there be judgment in favor ·of plaintiff as testamentary executor of Thomas Williams, deceased, rescinding the sale of land described in the petition made by said Williams to the defendant on twenty-third December, 1870, upon the return of the price to said defendant, and thereupon said land be the property of the succession of said Williams; defendant to pay costs in both courts.

Rehearing refused.