(70 South. 509)

No. 21604.

GULF REFINING CO. OF LOUISIANA v. HAYNE et al.

(Nov. 29, 1915. Rehearing Denied Jan. 10, 1916.)

*(Syllabus by the Court.)*

1. MINES AND MINERALS ⊛═73—GAS AND OIL LEASES — NATURE — STATUTES — "SALE" — "LEASE."

Gas and oil leases and contracts are apart by themselves. They partake of the nature of both "sale" and "lease"; and they have features which may not be applied to either. The law referring to sales and leases found in the Code cannot be unreservedly applied to them.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 201, 210; Dec. Dig. ⊛═73.

For other definitions, see Words and Phrases, First and Second Series, Sale; Lease.]

2. MINES AND MINERALS ⊛═73—GAS AND OIL LEASES—APPLICATION OF STATUTES.

But the law in the Code will be applied to them by the courts in cases where it can be applied.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 201, 210; Dec. Dig. ⊛═73.]

3. MINES AND MINERALS ⊛═73—LEASE—TITLE OF LESSOR.

A lessee under a mineral contract may not contest the title of his lessor as an owner in indivision with others, and compel him and his co-owners to make a judicial partition in kind of the property leased.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 201, 210; Dec. Dig. ⊛═73.]

4. PARTITION ⊛═77—OIL LANDS—CO-OWNERS.

Known oil lands, like mines, cannot be judicially partitioned in kind, at the suit of one of the co-owners; or by a creditor of a co-owner.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 211–223; Dec. Dig. ⊛═77.]

Provosty and O'Niell, JJ., dissenting.

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

Action by the Gulf Refining Company of Louisiana against W. P. Hayne and others. From a judgment for defendants, plaintiff appeals. Affirmed.

D. Edward Greer, of Beaumont, Tex., Thomas W. Nettles, of Coushatta, and Thigpen & Herold, of Shreveport (F. C. Proctor, of Beaumont, Tex., of counsel), for appellant. Alexander & Wilkinson, of Shreveport, for appellees.

SOMMERVILLE, J. Plaintiff and defendant W. P. Hayne entered into a contract of lease, or mineral contract, the terms of which plaintiff alleges were not complied with by defendant. That defendant represented himself and his mother, Mrs. Aurora Hayne, to be the owners of the property leased, when, in fact he was the owner of only one-third in indivision with other persons here made codefendants, and Mrs. Hayne was not the owner of any portion of the property.

That a partition in kind of the property is necessary and is demanded of Hayne and his co-owners, so that the lease held by plaintiff may bear upon the one-third of the land falling to the lot of W. P. Hayne; and a money judgment is asked for in the alternative against Hayne.

W. P. Hayne and Mrs. Aurora Hayne excepted to the jurisdiction of the court, alleging themselves to be residents of Rapides parish, and the exception was sustained in so far as the demand was for damages.

Certain co-owners answered to the merits, while others filed an exception of no cause of action to the petition.

The exception was sustained, and plaintiff has appealed.

[1] The only question in the case is whether a tenant under an oil lease, or mineral contract, may sue his lessor and the co-owners with the lessor for a partition in kind of the oil land leased, and have the lease declared to cover the lot or portion of ground falling to the lessor.

Article 1310 of the Civil Code provides that a tenant cannot bring a partition suit. It says:

"But the possession, necessary to support this action, must be in the names of the persons enjoying it, and for themselves; it cannot be instituted by those who possess in the name of another, as tenants and depositaries."

But plaintiff argues that it is not the tenant referred to in the article quoted. It claims that an oil lease, or mineral contract, is different from the ordinary lease, and that the court has so decided. It cites the cases of Cooke v. Gulf Refining Co., 127 La. 592, 53 South. 874; Rives v. Gulf Refining Co., 133 La. 178, 62 South. 623; Cooke v. Gulf Refining Co., 135 La. 609, 65 South. 758; Natalie Oil Co. v. La. Ry. & N. Co., 137 La. 706, 69 South. 146; Spence v. Lucas, 138 La. 763, 70 South. 796—in which the court has so held. It also refers to act 232 of 1910, p. 393, which provides that mining contracts may be mortgaged.

In the Rives Case, supra, it is said:

"In determining the scope and legal effect of an instrument giving rights and privileges to mine or take minerals, oil, or gas, it is immaterial by what name it is called, whether a lease, license, sale, contract, grant, deed of conveyance, a real right, an incorporeal hereditament, a chattel interest, a chattel real, a right in land, or other name; the court will look to the language used in the instrument, aside from these terms so used, and determine its legal effect."

In that case, the lease was termed a "real right," a right to part ownership in the oil and gas when it would have been taken from the ground, and confined in pipes and reservoirs.

Plaintiff is the holder of the ordinary gas lease; and it argues that, as the holder of a real right in and upon the undivided one-third interest of W. P. Hayne in the oil land leased to it, it is a creditor of Hayne, and that it may exercise, in the place of Hayne, its debtor, the real right of partition against Hayne and his co-owners.

The right of plaintiff is clearly not that of owner, and only an owner can sue his co-owner for a partition. Plaintiff is the owner of the right to explore and extract oil from an undivided one-third interest in the property, but it is not the owner of any portion of the landed estate.

[2-4] In the decided cases just referred to by plaintiff, the court also said that it would apply the law on letting and hiring to oil leases, as it was set forth in the Code and statutes, where it was possible to apply it. And article 1310 says that partition suits may not be brought by tenants and depositaries.

Plaintiff is a tenant of Hayne under the oil lease executed by them, although by its terms he may have acquired greater rights than an ordinary tenant on a predial estate would have acquired. It has a particular estate in and to the oil and gas when these minerals will have come into its possession. It has the right to go upon the land and explore for oil and gas. Nevertheless, the contract is one of lease, or letting or hiring, in which Hayne is the lessor and plaintiff is the lessee or tenant. It is a valid, existing contract between them, under which both have rights. Plaintiff may have thought that it had leased the whole tract of land, when in truth the lease only extended to the undivided one-third interest in the land owned by Hayne, its lessor. It cannot be put into possession as lessee or tenant of the undivided one-third interest owned by Hayne (Martel v. Jennings-Heywood Oil Syndicate, 114 La. 903, 38 South. 612); and, as tenant of Hayne, it cannot ask for a partition in kind of the property owned by Hayne and his co-owners so that its lease may cover the land falling to the lot of Hayne.

The court might recognize the rights of plaintiff under the lease, but it cannot put it in the actual corporeal possession of an undivided interest in the land leased. Such right is a mere abstract right; while, if plaintiff's lease bore upon specific property it might be put into possession of it.

Again, a lessee in possession cannot contest

or force a change in the ownership of his lessor of the thing leased. C. C. art. 3441; Hanson v. Allen, 37 La. Ann. 732. Plaintiff cannot contest in any manner the ownership of Hayne to an undivided interest in an oil field, and compel him to accept ownership of a defined area thereof which might not contain any oil whatever. Nor can it or Mr. Hayne compel the co-owners of Hayne to accept such an unequal division. Partition implies equality; and, where equality cannot be had by a partition in kind, the partition must be by licitation.

Many courts have held that mines could not be partitioned in kind.

Thornton on Oil and Gas says, in section 276:

"In a case of an attempted partition of a mine, Justice Brewer used the following language: 'The mere fact of joint ownership in a mine does not give an equitable right to a partition. Seldom can a division of a mine be made. Generally partition must result in a sale. To such property there is an unknown value; and a chancellor may well require full information as to all the relations of the parties to the property before decreeing any partition which will practically result in dispossessing one of the parties entirely.' And in a dictum in an Illinois case it was said: 'The mines, when opened, in their nature were indivisible. Neither partition could be made at law, nor dower assigned by metes and bounds.'"

In section 277, after discussing the question of the right to partition of supposable oil or gas land, Mr. Thornton further says:

"But after gas or oil has been discovered on the land, an entirely different question is presented. If the entire tract has been developed, and the wells are so distributed, and their production is well known so that their respective values can be determined, then a division might possibly be decreed; but it would be almost impossible to find an instance of this kind. And then, too, other powerful wells, in spite of the supposition that the land had been fully developed, might be sunk upon one part of the divided tract and all attempts to find other productive wells on the other tract might be failures. In such an event the partition proceedings would result in an unequal division in value, a thing studiously avoided in partition proceedings. * * * Especially can there be no partition of the right to take oil or gas from beneath a tract of land, the surface being owned by a third person; and an attempt of the court to make partition of such a right is void."

In line with Mr. Thornton the law is thus stated in 21 A. & E. Enc. Law, 1161:

"A partition of oil and gas owned by co-owners separate from the surface cannot be decreed except by sale and division of the proceeds. A judicial partition thereof by assignment of the oil and gas under sections of the surface is void."

In the case of Hall v. Vernon, 47 W. Va. 295, 34 S. E. 764, 81 Am. St. Rep. 791, the court holds:

"Partition of oil and gas owned by co-owners separate from the surface cannot be decreed, except by sale and division of the proceeds. A judicial partition thereof by assignment of the oil and gas under sections of the surface is void.

In the case of Dangerfield v. Caldwell, 151 Fed. 554, 81 C. C. A. 400, the Circuit Court of Appeals say in the syllabus:

"A tract of land known to have oil or gas or both under its surface is not property susceptible of partition in kind."

There are other decisions to the same effect.

And the law set forth in the Civil Code is the same. Article 1303 is as follows:

"There can be no partition, when the use of the thing held in common is indispensable to the coheirs, to enable them to enjoy, or to derive an advantage from the portion of the effects of the succession falling to them, such as an entry which serves as a passage to several houses, or a way common to several estates, and other things of the same kind."

And articles 1336, 1339, and 1340, which follow, forbid the partition in kind of property where it cannot be conveniently made.

"Art. 1336. The judge who decides on a suit for a partition and on the mode of effecting it, has a right to regulate this mode as may appear to him most convenient and most advantageous for the general interest of the coheirs, in conformity, nevertheless, with the following provisions."

"Art. 1339. When the property is indivisible by its nature, or when it cannot be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law, and in the manner hereinafter prescribed."

"Art. 1340. It is said that a thing cannot be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it."

It might be a most serious loss to one or more of the co-owners to divide a piece of oil land into three parts, and award one part to each owner. A lot without oil under the surface falling to one co-owner would work incalculable damage to him to whom it was awarded, due entirely to the consequence of dividing the land. The courts cannot compel such a division or partition.

In case of known oil land or a mine the suit must be for a partition by licitation.

The law of France is similar to our law. It says in the Napoleon Code:

"Art. 827. If the immovables cannot be commodiously divided, a sale by auction must be proceeded in before the court. Nevertheless the parties, if all of age, may consent that the auction should be made before a notary, on the choice of whom they can agree."

"Art. 832. In the formation and arrangements of the lots, parties must avoid as much as possible disjointing estates and dividing works; and it is expedient, if it can be, to dispose in each lot the same quantity of movables and immovables, of rights or credits of the same nature and value."

"Art. 1686. If one thing common to several persons cannot be commodiously divided and without loss; or if in a partition made with mutual consent of common property, there be found some goods which none of the coparceners can or will take, the sale thereof is made by auction, and the price thereof is distributed between the joint proprietors."

But plaintiff does not seek a partition by licitation. Under such sale his lease would not follow the land, or the proceeds of the sale thereof. C. C. art. 1338; Spence v. Lucas, 138 La. 763, 70 South. 796. It asks for a judicial partition in kind.

The petition does not disclose a cause of action.

Judgment affirmed.

See dissenting opinion of O'NIELL, J., 70 South. 512.