## SABINE LUMBER CO. v. BRODERICK et al.*

## BRODERICK et al. v. SABINE LUMBER CO.

### No. 7895.

Circuit Court of Appeals, Fifth Circuit.
March 6, 1937.

*Rehearing denied April 17, 1937.

Elmo P. Lee, of Shreveport, La., and Tinsley Gilmer, of Lake Charles, La., for appellant and cross-appellee.

E. Wayles Browne and Sidney G. Myers, both of Shreveport, La., and U. M. Simon, of Fort Worth, Tex., for appellees and cross-appellants.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellees, A. J. Broderick and George Calvert, brought this suit against appellant, Sabine Lumber Company, to recover damages exceeding $28,000, for breach of warranty of a mineral lease, of five acres of land in Sabine parish, La., executed to them by defendant. An exception of no cause of action was overruled, the jury was waived, and judgment was entered by the court, allowing a recovery of $7,500, the cost of the lease and the further sum of $5,308.66, the value of oil produced from the land. Both plaintiffs and defendant have appealed, the former insisting that they also should have been awarded the cost of drilling a well, over $20,000, in addition to damages allowed.

On behalf of appellant, error is assigned to the action of the court in overruling the exception of no cause of action.

The petition is lengthy, rather complicated, and difficult to analyze. Allegations relied on to show damages and the prayer for relief present a number of alternatives. In considering the exception, we·are concerned with only the material facts well pleaded which must be taken as true. The petition sets out with great particularity a chain of title to the land in controversy, running back to the sovereign, as would be proper in a petitory action to try title. The lease is annexed to the petition and made part thereof. It was executed on March 1, 1930. It describes the five acres of land leased by reference to government surveys and by metes and bounds. The lease was for a term of ten years and as long thereafter as oil, gas, and other minerals would be produced from the land. The consideration was $7,000 in hand paid, with royalties on the oil and gas produced and saved from the land. It contains clauses warranting title to the land and providing for reduction of rent in the event the lessor owns less than the fee simple title to the leased land. Other provisions of the lease are immaterial.

The petition, in substance, alleges that in December, 1901, defendant acquired nine acres of land from Mrs. Sallie Mobley, and in October, 1911, acquired ten acres from Bill Cole. The descriptions locate these tracts in the same fractional section as the land described in the lease. In January, 1917, defendant conveyed the Cole tract to Lee Barr, by the same description under which it was acquired. Title passed out of Lee Barr to others. The description of the land leased covers part of the Mobley tract, as described in the deed by which it was acquired by defendant, and also a strip, 154 feet wide by 509 feet in length, of the Cole tract as described in the deeds by which it was acquired from Cole and by which, previous to the execution of the lease, it was transferred to Barr. Petitioner drilled a producing well on this 154-foot strip, at a cost of over $20,000. Seven named persons, holding outstanding titles superior to defendant's title, are claiming the land and are waiting only until the oil produced shall equal the cost of drilling before taking physical possession of the leased premises. The Standard Pipe Line Com-

pany, to which company the oil produced has been delivered, has refused to recognize title in defendant as lessor, by reason of the existence of outstanding superior titles to the minerals, and has refused to pay plaintiffs for said oil. Since the discovery of the existence of superior titles to the land leased, plaintiffs have operated the well in order to preserve the property and to minimize the damage of the defendant, for which they have expended approximately $250 a month. As a conclusion, based upon the above-recited facts, the petition alleges that plaintiffs have been disturbed in their possession and enjoyment of the leased premises and evicted through the existence of these outstanding superior titles and claims made by the owners thereof and their lessees.

The petition does not allege defendant was not in possession of all the land leased when the lease was executed. Nor does it allege any suit had been brought to oust plaintiffs.

Under the law of Louisiana one in possession of the property of another may lease it to a third person. But he warrants it against the claim of the owner and is bound to maintain the tenant in peaceable possession during the continuance of the lease. La.Civil Code, arts. 2681, 2682, 2692.

■ It is the rule in Louisiana, as elsewhere, that a tenant in possession cannot contest his landlord's title. Weil v. Segura, 178 La. 421, 151 So. 639. The rule is relied upon by defendant and is not disputed by plaintiffs. However, plaintiffs contend that a mineral lease conveys an estate in the land and is not a lease coming under the rule. In support of this they cite Rives v. Gulf Ref. Co., 133 La. 178, 62 So. 623, and Powell v. Rapides Parish Police Jury, 165 La. 490, 492, 115 So. 667.

In support of its contention defendant cites Gulf Ref. Co. v. Hayne, 138 La. 555, 70 So. 509, L.R.A.1916D, 1147, Ann.Cas. 1917D, 130, Logan v. State Gravel Co., 158 La. 105, 103 So. 526, and Board of Com'rs of Caddo Levee Dist. v. Pure Oil Co., 167 La. 801, 120 So. 373. Both parties cite Nabors Oil & Gas Co. v. Louisiana Oil Ref. Co., 151 La. 361, 91 So. 765.

■ Undoubtedly, expressions in the cases above mentioned tend to support the contentions of the parties citing them. Considering the conflict in the Louisiana jurisprudence, the District Court was entitled to follow the decisions he considered correctly stated the law. Fortunately, we are not obliged to choose between them. Since the judgment was entered below, in Gulf Refining Co. v. Glassell, 186 La. ——, 171 So. 846, in a well-considered opinion, the Supreme Court of Louisiana, comprehensively reviewing and distinguishing the previous jurisprudence, has unequivocally held that a mineral lease giving the right to develop the land and recover the underlying minerals is to be considered the same as a lease of land for agricultural use and subject to the same law. We feel bound to follow this latest expression of the Louisiana Supreme Court and we are content to do so.

■ The following are inescapable conclusions: It must be presumed defendant was in possession of all the land when the lease was executed. The mere fact that there may be conflicting outstanding titles to part of the leased premises does not amount to eviction either in law or in fact. Plaintiffs were put in complete possession of all the land, have suffered no actual disturbance, and have enjoyed the leased premises to the fullest extent contemplated by the lease. They were without right to contest their lessor's title. If the pipe line company has declined to make payment for the oil delivered, defendant could not be held responsible for that arbitrary action. The remedy was against the pipe line. No breach of warranty is shown, plaintiffs have not suffered any actionable damage at the hands of defendant, and the petition does not disclose a cause of action. It was error to overrule the exception. It is unnecessary to consider other assignments of error by appellant. The above-stated conclusions also dispose of the cross-appeal.

Reversed and remanded.