**GRIMM v. PUGH.**

No. 6118.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

Rehearing Denied July 5, 1940.

George Thurber, of Shreveport, for appellant.

Grimmet, Boatner, Simon & Carroll, of Shreveport, for appellee.

DREW, Judge.

The lower court has correctly stated the case and found the facts in the following opinion:

"In this suit the plaintiff, M. W. Grimm, seeks to recover the sum of $1,002 from the defendant, L. G. Pugh, the consideration alleged to have been paid the defendant for an oil and gas lease covering certain property in Caddo Parish, it being alleged that the defendant owned no interest in the fee or minerals.

"On June 8th, 1938, L. G. Pugh executed this oil and gas lease to C. L. Gayle, who was acting therein for M. W. Grimm. It is alleged that this fact was known to the defendant at the time, and that the alleged consideration was at that time paid to the defendant by M. W. Grimm. Plaintiff also alleges that while the consideration recited is $167, actually the plaintiff paid $1,002 for this lease. That the de-

fendant fraudulently represented that he was the owner of one-half of the minerals in this property, which representation was believed by this plaintiff, whereas, the minerals were owned in their entirety by Mr. W. N. Burch.

"We are satisfied that there was no fraud shown in this case. The testimony should be most convincing to establish fraud. The plaintiff has failed to sustain the burden of proving this allegation. It is immaterial whether Mr. Pugh approached the plaintiff representing ownership of one-half of the minerals or thought he was the owner of one-half the minerals, which opinion was shared by Mr. Burch, who owned the fee. In executing his lease Mr. Burch thought that he was leasing only a one-half interest and that Mr. Pugh owned the other half.

"The evidence does satisfy us that Mr. Pugh actually did not own any minerals under this property. He conveyed the property in 1925, reserving one-half of the minerals. Mr. Pugh testified that he had lived on the adjoining property for over twenty years and that there had never been any development on the property in question. He testified that subsequent to the sale of the property in 1925 he had executed a separate lease of his interest to the United Gas Company. Under the facts admitted by Mr. Pugh there is no question but that the prescription of ten years has relieved the property of this servitude and that all of the minerals were owned by Mr. W. N. Burch at the time of the execution of these leases.

"Plaintiff contends in brief that the payment of the consideration in this case to the defendant under the circumstances was an error of fact and therefore entitled him to recover the amount so paid. The pertinent articles of the Revised Civil Code are as follows:

" 'Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself.' Article 1823, Dart's Louisiana Civil Code.

" 'The reality of the cause is a kind of precedent condition to the contract, without which the consent would not have been given, because the motive being that which determines the will, if there be no such cause where one was supposed to exist, or if it be falsely represented, there can be no valid consent.' Article 1824, Dart's Louisiana Civil Code.

" 'The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made.' Article 1825, Dart's Louisiana Civil Code.

" 'No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it.' Article 1826, Dart's Louisiana Civil Code.

"Unquestionably, the ownership in the defendant of a one-half interest in the minerals was the principal, and from the evidence in this case the only, cause for this contract of lease. Under the rule as stated in the last part of Article 1826 it must be presumed from the nature of this contract that the defendant knew that this was the motive or cause for this contract.

"Counsel for the defendant argues in brief that this was insurance and that plaintiff leased any interest that might have been owned by the defendant. The testimony does not bear out this contention. The testimony of all witnesses is to the effect that they thought Mr. Pugh owned one-half of the minerals.

"The defendant contends that the lessee is without right to question his lessor's title unless and until he has been dispossessed. In support of this contention the defendant cites the cases of Town of Morgan City v. Dalton, 112 La. 9 [36 So. 208]; Spence v. Lucas, 138 La. 763 [70 So. 796]; Gulf Refining Company v. Haynes, 138 La. 555 [70 So. 509, L.R.A. 1916D, 1147, Ann.Cas.1917D, 130]; and Sabine Lumber Company v. Broderick et al. [5 Cir.], 88 F.2d 586. All of these cases support the general proposition that a lessee cannot contest or question the title of his lessor. Without reviewing these cases we will state that they are not applicable to the situation now presented for our consideration. The principle of law to be applied is well stated by Chief Justice O'Neill in Nabors Oil &

Gas Company v. Louisiana Oil Refining Company, 151 La. [361], on page 398 [91 So. 765, on page 778], where he said: 'A majority of the members of this court did not concur in the expressions in the opinion originally handed down in this case, to the effect that the Louisiana Oil Refining Company after acquiring the oil and gas lease from plaintiff, could not acquire an oil and gas lease from the widow and heirs of Hill Moseley, as owners of the land, when the lessee was informed that plaintiff had lost its oil and gas rights by prescription before the original lease was acquired. In that respect, the doctrine that an ordinary lessee, as of a house or farm, cannot dispute the title of his lessor during the term of the lease, has no application to a contract by which a person acquires mineral rights, in the form or name of a contract of lease. Such a contract, in that respect, is more like a sale than an ordinary lease. Surely a purchaser of mineral rights, on discovering that the seller had no title, is at liberty to buy the mineral rights from the one who has the title.'

"So in this case, a mineral lessee who discovers that the seller or lessor has no title to the minerals has the right to sue for a recovery of the purchase price where error is shown, as has been done in this case.

"The defendant takes the position that since the oil and gas lease was executed by Pugh in favor of C. L. Gayle that parol evidence was inadmissible as tending to establish an interest in immovables, citing the case of Hanby v. Texas Company, 140 La. 189 [72 So. 933], which does sustain the principle that a title cannot be destroyed and a new title created by parol evidence. However, that is not the issue in this case. Here title to the property is in the plaintiff M. W. Grimm by assignment from C. L. Gayle and there is no issue or attempt to establish a new title by parol evidence.

"In this case the plaintiff alleges and proves that the consideration was paid not by C. L. Gayle to the defendant but by M. W. Grimm, and that this fact was known by the defendant at the time. In fact, the testimony shows that the plaintiff was present and participated in all these transactions. The only part played by C. L. Gayle was to have the lease placed in his name and the same was soon thereafter transferred by him to M. W. Grimm. The parol evidence, which is undisputed, was only offered to prove the payment for the lease by the plaintiff M. W. Grimm.

"The consideration recited in the oil and gas lease in question is $167. The suit is, of course, to recover the sum of $1,002 which is alleged to have been the true consideration. The defendant objected to the parol testimony tending to prove a consideration different from that expressed in the lease. The testimony was admitted subject to the objection and showed that two checks were given Mr. Pugh by the plaintiff at the same time, one being for the recited consideration and the other for $835. The defendant relies on Article 2276 of the Civil Code, which provides: 'Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.'

"In the case of Brewer et al. v. New Orleans Land Company, 154 La. 446, 97 So. 605 [607], the court had before it a suit to recover the sum of $606.67, the amount alleged and proven to have been paid for property and where the deed recited a consideration of $500. There the court gave judgment for $500, and in passing on the parol testimony to show the consideration paid said: 'The manifest purpose of the evidence was to show a greater consideration than that stated in each deed, in order to recover the excess, which, it is apparent, would increase the obligations of defendant under the deeds. This cannot be done, at least in the absence of a clear and specific allegation, which the petition herein does not contain, showing error in the confection of the instrument, or else fraud. Civil Code, art. 2276. Formento v. Robert, 27 La.Ann. 489; Chaffe v. Ludeling, 34 La.Ann. [962], 963; Harrison v. Laverty, 8 Mart. (O. S.) [213], 218, 13 Am.Dec. 283; Goodloe v. Hart, 2 La. 446; 22 C.J. [Evidence] § 1476, p. 1118.'

"So in the case now before the court, there is no allegation of error in the confection of the lease in stating the consideration or of fraud in the stating or of the reciting of the consideration. In other words, the suit in no way attacks the validity of the lease because of the consideration expressed therein.

"In the case of Felix Formento v. F. J. Robert, 27 La.Ann. 489, the suit was to annul a contract of sale for fraud and to

recover the sum of $3,300. In that case the plaintiff offered parol testimony to prove the amount claimed although the authentic act of sale recited a consideration of $2,300. While the court annulled the sale for fraud, the recovery of the plaintiff was restricted to the sum of $2,300 on the authority of Articles 2236 and 2276 of the Civil Code.

"In still another case, viz; Girod, Executor v. Martha Vines, 23 La.Ann. 588, 589, the suit was to annul and rescind a sale of immovable property on the ground of lesion beyond moiety. The consideration recited in the deed was $100. The defendant alleged that 'the services rendered were worth $600, and this was proven. It is to be noted that the deed in that case did not say $100 and other valuable service, etc. The court said this: 'In it the parties agreed and stipulated that the price of the land was $100, and they can not show by parol evidence any other price.'

"The reason behind Article 2276 of the Civil Code and the decisions cited is excellently expressed in Greenleaf on Evidence, Vol. 1, art. 275: 'When parties have deliberately put their engagements into writing, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing; and all oral testimony of a previous colloquim between the parties, or of conversations or declarations, at the time or afterwards is rejected.'

"We shall not review all of the cases cited by counsel for the plaintiff, but shall restrict our opinion to a review of the principal cases relied on. The cases of Dickson v. Ford, 38 La.Ann. 736, and Queensborough Land Company v. Cazeaux, 136 La. 724, 67 So. 641 [L.R.A. 1916B, 1201, Ann.Cas.1916D, 1248], are reviewed in the case of Brewer v. [New Orleans] Land Company, supra, and are distinguished in principle and fact.

"The plaintiff cites the rather recent case of Morris v. Monroe Sand & Gravel Company, 166 La. 656, 117 So. 763, [764], wherein the following statement is made: 'The rule is well settled that the real and true consideration may be shown where a consideration is expressed, even though such consideration be different from the one expressed in the instrument.'

"This case does not review or discuss the many earlier decisions on this question. However, a reading of the facts in the case readily shows the reason for the admission of parol testimony. In this connection we quote from the decision: 'The deed recites that the consideration of the sale was $1.00 cash and valuable services rendered by the said Manning McGuire to his father, * * *'

"That parol testimony is admissible to explain such a recitation in a deed is conceded by all authorities and is in line with our jurisprudence permitting parol evidence in such cases. Therefore, in this case if the plaintiff is to recover it will be limited to the consideration expressed in the oil and gas lease.

"Defendant next contends that it is incumbent on the plaintiff to show a perfect title outstanding or that he has suffered an eviction before a recovery can be had in this case. We are satisfied from the evidence that a perfect outstanding title has been shown and that the defendant L. G. Pugh did not own any interest in the minerals. As to the eviction, the case of Brewer v. New Orleans Land Company, supra, disposes of this contention. In considering this question the court said: 'Therefore, when defendant sold to plaintiffs, it sold the property of another. The Civil Code provides that the sale of the property of another is null, and also that it may give rise to damages if the purchaser was ignorant of the fact that the property belonged to another. C.C. art. 2452. In such case it is not necessary that the purchaser be actually evicted before suing for the purchase price paid. Bonvillain v. Bodenheimer, 117 La. [793], 794, 42 So. 273.'

"The defendant contends that in the event of recovery that M. W. Grimm is entitled to only $83.50 or one-half of the recited consideration because the testimony of A. C. Gayle was that he was entitled to one-half of the money recovered in this case.

"The undisclosed relations between M. W. Grimm and A. C. Gayle can in no way effect the defendant L. G. Pugh, and in any event A. C. Gayle would now be estopped to assert any claim against Mr. Pugh on the same cause of action.

"For the reasons assigned in this opinion there is judgment in favor of the plaintiff, M. W. Grimm and against L. G. Pugh in the sum of $167, with legal interest from judicial demand and all costs of this suit."

A judgment was signed in accordance with the above opinion, and the plaintiff perfected an appeal. The defendant has answered the appeal, praying that plaintiff's demands be rejected in toto. Plaintiff contends here that he should have judgment for the full amount paid, as shown by the cancelled checks and parol testimony.

Under the authority of Queensborough Land Company v. Cazeaux et al., 136 La. 724, 67 So. 641, 646, L.R.A.1916B, 1201, Ann.Cas.1916D, 1248, the contention of plaintiff is sound. In that case the court said: "On the question of the admissibility of parol evidence to show that the real price was $150, and not $350 as stated in the act, we answer in the affirmative. The purpose of the offer is not to defeat the contract. The defeat of the contract will result, if at all, not from the admission of this parol evidence, but from the breach of the condition of nonalienability. The purpose of the offer is simply to show what amount was received from Cazeaux and should be refunded to him. From that standpoint, the recital in the deed that the amount received was $350 is in reality nothing more than a receipt, and has no greater legal effect (Wigmore, Ev. par. 2433); and a receipt is always open to oral explanation (Id. 1058)."

But in a case similar in many respects, to-wit, Brewer, et al. v. New Orleans Land Company, 154 La. 446, 97 So. 605, 607, the court held that parol testimony was not admissible to prove a greater amount was paid than the consideration stated in the deed. It made the following distinction:

"That article is an exception to the general rule that parol evidence is not admissible to vary or contradict the recitals of a written act of sale. Dickson v. Ford, 38 La.Ann. 736; Landry v. Landry, 40 La. Ann. 229, 3 So. 728. The purpose of the article is to enable a vendee to maintain the validity of a sale, when attacked on account of the consideration, by showing the true consideration. In the case at bar, the validity of the sale is not attacked because of the consideration expressed in it, and therefore the article is not applicable. Nor is the case of Queensborough Land Co. v. Cazeaux, 136 La. 724, 67 So. 641, L.R.A.1916B, 1201, Ann.Cas.1916D, 1248, which is also cited by plaintiffs, pertinent. In that case the court admitted parol evidence, not to show that the amount of the consideration was different from that stated in the deed, but to prove the amount that the Queensborough Land Company actually received from Cazeaux, and should therefore refund to him. That amount, it was contended, was less than the consideration stated in the act of sale and acknowledged therein to have been paid. The court viewed the acknowledgment or receipt, in the deed, from the same standpoint that it would view any other receipt given for money paid, and on that theory ruled that the evidence was admissible, holding that one may go behind and overthrow a receipt with parol evidence. The court did not, however, hold that a different consideration in amount could be proved in such a suit by parol from that expressed or agreed to in the act of sale, which additional fact it is necessary to prove in the case at bar, and to prove which evidence amounting to nothing more than parol has been offered.

"In view of the fact, therefore, that the only evidence offered to show the additional consideration was not admissible, we are of the opinion that plaintiffs cannot recover the excess consideration claimed, and hence that this item must be reduced, as to each plaintiff, from $606.67 to $500, the consideration stated in each deed."

This same distinction was recognized and affirmed in Lockwood Oil Company v. Atkins, 158 La. 610, 104 So. 386. These seem to be the last two expressions of the Supreme Court in cases applicable to the case at bar.

■ The sum and substance of the holding in these cases is that parol testimony is not admissible to prove a greater consideration than that set out in the instrument, unless the instrument is attacked because of want of consideration or insufficiency of consideration; but parol testimony is admissible to show that the consideration set out in the deed or instrument was not wholly paid, although receipt of it is acknowledged in the written contract.

■ Whether we agree with the above rule or not, we feel it would be a useless gesture for us to decide contrary to the two decisions of the Supreme Court. However, we will have to go no farther than the case at bar to find the injustice such a rule may work. Plaintiff has actually paid $1,002 to defendant for a lease on land which plaintiff did not own, which lease is, of course, a nullity, and all plaintiff can recover is $167, which is the recited consideration in the lease.

We believe the recited consideration should be strong evidence that it is the

corrrect consideration and should not be held to be an incorrect amount unless the testimony to the contrary is very strong and convincing. But where there is no doubt regarding the exact consideration paid, and it is far in excess of the amount stated, as in this case, the law should give plaintiff relief.

However, under the authority of the decisions cited above, the judgment of the lower court is correct and affirmed, with costs of appeal to be paid by appellant; all other costs to be borne by defendant.