LANDRY, Judge
(dissenting).
I respectfully dissent from the majority view herein expressed for two basic reasons: First, I believe the majority have incorrectly interpreted the parol evidence rule established by LSA-C.C. Articles 2236, 2275 and 2276, in failing to recognize the exception thereto resulting from the jurisprudence pronounced in Queensborough Land Company v. Cazeaux, 136 La. 724, 67 So. 641, L.R.A.1916B, 1201, and Grimm v. Pugh, La.App., 197 So. 641. Second, if the majority correctly holds parol evidence was inadmissible, to show nonpayment of a portion of the purchase price recited in the deed, plaintiff herein may not recover because the record fails to support the majority determination that plaintiff’s action is unrelated to the deed and is in effect a suit to recover money loaned.
Admittedly, it is a well established rule of law in this state that in absence of allegations of fraud, error or mistake, parol evidence is inadmissible to vary, add to or contradict the terms of an authentic act. See LSA-C.C. Articles 2236, 2275, 2276, and the innumerable opinions interpreting same. An equally well recognized exception exists to the foregoing general rule, however, with respect to the admissibility of parol evidence to establish only partial payment of the declared consideration in an act of sale or transfer. The exception is stated thusly in C.J.S. Vol. 32A, verbo Evidence § 953, page 364, as follows:
“The general rule is that a recital in a written instrument as to the payment or receipt of the consideration is not conclusive, is merely in the nature of a receipt, and may be contradicted, modified, or explained. The general rule does not apply if such contradiction would have the effect of rendering nugatory some substantial and contractual provision of a valid written contract or undertaking, or if the contradiction by parol evidence is for the purpose of invalidating the instrument, as where, in the case of a conveyance, the grantor or those claiming under him attempt, by contradicting the consideration clause, to defeat the effect or operation of the deed. However, payment may be denied for the purpose of recovering the consideration money against the grantee or for the enforcement of a lien against subsequent purchasers or encumbrancers with notice or those who take mala fide.”
In my judgment, the Queensborough and Grimm cases, supra, in effect recognize and apply the foregoing universally adopted rule that insofar as an authentic act of transfer constitutes a receipt for the consideration allegedly paid, the act is entitled to no more dignity than an ordinary receipt and parol evidence is admissible to prove nonpayment of a portion of the recited consideration notwithstanding acknowledgment of receipt thereof in full.
Of course, the pertinent exception applies only as between the parties to the transfer or persons taking from the tranferee in bad faith. For obvious reasons the exception is without application as regards third *156 persons in good faith relying upon the face of the public records.
Nor do I find, as does the majority, that Brewer v. New Orleans Land Company, 154 La. 446, 97 So. 605, impliedly overruled the Queensborough case, supra. The two decisions appear clearly distinguishable to me. In the latter an attempt was made to prove consideration different from that recited in the deed. This, or course, would constitute a varying of the terms of the instrument in that it increased the declared obligation of the purchaser. In the case at hand, we are not concerned with a claim by the vendor for consideration different from that stated but merely the contention that all of the stipulated consideration was not paid at the time of transfer.
The often repeated rationale of the parol evidence rule relied upon by the majority is that the sanctity and dignity of authentic acts must be preserved from attack by parol evidence to provide security and stability to rights and titles emanating therefrom. The wisdom and necessity for such rule is readily apparent and needs no discussion in detail.
I agree with the majority view that the Supreme Court’s decision in Queensborough means only what the Supreme Court therein or subsequently declared it to mean. I also believe that the majority correctly interpreted Queensborough as holding parol evidence admissible to establish that the amount actually received by a vendor is less than the consideration recited in the transfer but that such evidence is inadmissible to establish a different consideration. This, of course, is precisely the situation in the case at hand.
Plaintiff is herein attempting to recover an allegedly unpaid portion of the purchase price. Notwithstanding the majority’s correct interpretation of the Queensborough and Grimm cases, supra, the majority then in effect proceeds to say that the Supreme Court did not intend to apply the exception which permits introduction of parol evidence to show nonpayment of a portion of the purchase price stated in a deed. In my judgment, if the parol evidence rule is recognized in this state, it makes no difference if the suit is one to rescind the transfer or merely an action to recover the purportedly unpaid portion of the purchase price unassociated with an attempt to rescind or cancel the transaction. In my judgment, the universally applied common law rule in effect recognized in the Queens-borough and Grimm cases is sound and plausible. Its scope is limited solely to recovery between the parties to the transaction of an asserted unpaid portion of the purchase price. The exception does not permit the introduction of parol evidence to in any way attack the validity of the deed per se. It does not permit the introduction of such evidence to vary the nature of the instrument or any material aspect thereof. It is limited strictly to those instances in which the vendor seeks recovery of an unpaid portion of the purchase price notwithstanding a formal acknowledgment of receipt thereof. Under such circumstances, the acknowledgment of receipt should be accorded no greater dignity than a receipt otherwise granted.
Assuming arguendo, the majority correctly held the proffered parol evidence inadmissible, it is my view judgment should be rendered herein for defendant. In this regard, I find nothing in the record to justify the conclusion that plaintiff’s action is unrelated to the deed but rather stems from a loan to Campagna and Hamilton jointly. My analysis of the testimony leads to the conclusion that plaintiff agreed to defer collection of $600.00 of the recited $1,150.00 consideration to accommodate Campagna and Hamilton by enabling them to present to the prospective lender a title free of claims and liens. I also find that the precise circumstances attending the transaction are not fully explained by the evidence of record. Nothing in the record, however, indicates that plaintiff intended to lend Campagna and Hamilton the sum of $600.00. On the contrary, the meager evidence leads to the fair inference that *157 plaintiff agreed to delayed payment of a portion of the sale price as a matter of convenience and accommodation to his vendee.
I am of the opinion the majority reached the correct result herein but on an inapplicable premise. Had the majority properly applied the pertinent exception to the parol evidence rule, the decision should go for plaintiff on the ground plaintiff has established defendant’s nonpayment of that portion of the purchase price sought to be recovered considering the record contains defendant’s admission that the sum of $600.00 was not in fact paid.
I,therefore, respectfully dissent.
Rehearing Denied June 30, 1967.
LANDRY, J., dissents from refusal to grant a rehearing.