346 So.2d 765 (1977)
Lindy WEBB, Widow of Andrew Jackson Wisner
v.
Paul K. SCOTT.
No. 11244.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Rehearing Denied June 13, 1977.
*766 Maurice J. Le Gardeur, Jr., Covington, for plaintiff-appellee.
Charles A. Verderame, Salvador M. Cusimano, New Orleans, for defendant-appellant.
Before LANDRY, EDWARDS and COLE, JJ.
COLE, Judge.
This is a suit to rescind the sale of approximately eighty-one acres in St. Tammany Parish brought by the plaintiff-appellee, Mrs. Lindy Webb, against the defendant-appellant, Paul K. Scott. An authentic act of sale was passed on December 22, 1973, with a recited purchase price of $20,000 of which $4,000 was paid and receipt acknowledged in the act. The remaining balance of $16,000, according to the act of sale, was represented by a promissory note.
The trial court in written reasons concluded that the property was accurately valued at $85,000 at the time of the sale and, therefore, found the sale to be lesionary and subject to rescission. The defendant was granted an additional sixty days to pay the difference in the property's value and the amount previously paid. We compliment the trial judge on the clarity of reasons offered in light of the confusing and often incomprehensible testimony offered at trial.
The plaintiff's petition originally attacked the sale on three alternative grounds: (1) fraud; (2) nonpayment of the purchase price; and (3) lesion. At trial the plaintiff abandoned her allegations of fraud and proceeded on the other two grounds for rescission. The trial judge found as to the second averment of the plaintiff that the purchase price as recited in the instrument *767 was, in fact, paid. The plaintiff does not appeal as to this finding. Therefore, the only remaining issue contested is whether the sale is subject to rescission for lesion beyond moiety under Louisiana Civil Code Articles 1861 and 2589.
The defendant raises basically three defenses in response to the claim of lesion. He asserts that the sale was not lesionary under the Louisiana Civil Code because the plaintiff had actual knowledge of the real value of the land in question. Secondly, the defendant contends that the act of sale was in reality a disguised donation. Finally, the defendant avers that additional consideration was contemplated beyond that recited in the act of sale which consideration, if shown, would place the transaction beyond the reach of the provisions on lesion beyond moiety.
That the plaintiff knew of the actual value of the land in question, as asserted by the defendant, is not a relevant inquiry in a suit for rescission of the sale of the immovables based on lesion. Louisiana Civil Code Article 2589 provides:
"If the vendor has been aggrieved for more than half the value of an immovable estate by him sold, he has the right to demand the rescission of the sale, even in case he had expressly abandoned the right of claiming such rescission, and declared that he gave to the purchaser the surplus of the thing's value."
In Blaize v. Cazezu, 210 La. 176, 26 So.2d 689, 690 (1946), the Supreme Court said:
"The law presumes juris et de jure that he who sells an immovable for less than half its value is acting under an error of fact sufficient to invalidate the sale. Civ. Code, Articles 1860, 1861. This presumption is so strong and conclusive that even if the vendor should know and expressly declare he knows the value of the property exceeds twice the price received, and should even declare that it is his purpose to give the purchaser the surplus of the thing's value over the price received, and that he expressly abandons the right to rescind the sale, nevertheless the law still gives him that right. Civ.Code, Art. 2589; Fernandez v. Wilkinson, 158 La. 137, 103 So. 537. The one prerequisite [is] that the price paid be less than one-half the value of the property as established at the time of the sale."
The defendant, in effect, contends that Louisiana Civil Code Article 1860 requires as a prerequisite to a suit to rescind a sale as lesionary that the seller be operating under error or imposition. However, Louisiana Civil Code Article 1860 is merely definitional:
"Lesion is the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy given for this injury, is founded on its being the effect of implied error or imposition; for, in every commutative contract, equivalents are supposed to be given and received."
An action to rescind a sale because it is lesionary is not dependent on error by or imposition upon the seller, but is merely dependent on an arithmetical calculation as to the value of the immovable sold as compared to the price paid. The reference to error or imposition in Article 1860 is merely utilized to state the justification for the rule of law established. See, generally, "Comment," 14 Tulane L.Rev. 249 (1940).
The defendant's other two contentions (that the surplus was intended as a donation or that adequate additional consideration was paid) required that we first address the question of whether in a suit to rescind an authentic act of sale on the ground of lesion, the defendant may offer parol evidence to show the alleged true cause of the contract or to show that additional consideration was paid.
The state of the law, as we appreciate it, with regard to the use of parol evidence to enlarge upon, amend, or defeat the recited provisions of an authentic act of sale is far too confused or complicated for this Court to clearly enunciate the law, except as we perceive that it relates to this case. See Taylor v. Brown, 223 La. 641, 66 So.2d 578 (1953), at Footnote No. 1.
*768 The so-called "parol evidence rule" is predicated upon Article 2276, which provides:
"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
Louisiana Civil Code Article 1900 might arguably be construed to conflict with the above-stated provision to the extent that it provides:
"If the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration."
In Giord v. Vines, 23 La.Ann. 588 (1871), in an action to rescind a sale on the ground of lesion, the defendant contended that prior to the act of sale she rendered assistance and care to the plaintiff which constituted a full equivalent for the property. The Court therein applied the provisions of Louisiana Civil Code Article 2276 saying:
"* * * [The] parties agreed and stipulated that the price of the land was $100, and they can not show by parol evidence any other price. Had they intended that the estimated value of the personal services of the vendee were a part of the price, in addition to the sum paid, they should have so expressed the fact and the amount in the act. The allegation that the vendor `was aggrieved by the said sale for more than half the value of said land,' does not bring the case within the rule invoked by defendant, which authorizes parol proof of error or fraud to annul written contracts and the plaintiff has not opened the door by adducing any proof of such error or fraud but simply as to the value of the property at the date of the sale. * * *" (23 La.Ann. at 589)
However, in Wimbush v. Jones, 136 So.2d 704 (La.App. 2nd Cir. 1962), the opposite result was reached when the Court allowed parol evidence to prove that the consideration paid was $800, rather than the sum of $250 as recited in the act of sale.
The discrepancy in the approaches illustrated above has been discussed as follows:
"The court's approval in Wimbush v. Jones * * * of the admissibility of parol evidence to show that a price of $800 was paid for certain property, instead of the recited $250, by way of defense to a claim of lesion beyond moiety is difficult to reconcile with earlier cases * * * or with the French treatment of the problem. * * * While it is true that Article 1900 of the Civil Code permits the use of extrinsic evidence to sustain a contract where the cause expressed in the contract does not exist, generally speaking the jurisprudence has restricted the application of this principle to cases where the stated cause or consideration has been disproved by legally admissible evidence, e. g., when a third party attacks an act as a simulation. Such a case was Love v. Dedon, [239 La. 109, 118 So.2d 122] * * * which was cited in support of the court's opinion. Cases of the latter kind frequently contain statements to the effect that parol evidence is admissible to sustain a contract, although not to destroy it. Applied to a case where the stated cause has been properly disproved and the parties then seek to show the true cause, the statement is correct, but the propriety of the application of the rule to the facts before the court in the instant case seems questionable. It well may be, however, that the basic rule is too stringent." ("The Work of the Louisiana Appellate Courts for the 1961-62 Term," 23 La.L.Rev. 278 [1963])
It appears to this Court that in the case in point Louisiana Civil Code Article 1900 is not applicable to allow proof of true or sufficient cause, because the cause expressed in the contract was not proved to be non-existent within the intendment of Article 1900. In fact, the defendant adamantly alleged and proved that the recited purchase price of $20,000 was paid.
Additionally, our law indicates that parol should not be admitted to show, contrary to the statements of an authentic act of sale, that the true intent of the act *769 was to donate rather than to sell the property. Succession of Teagle, 206 So.2d 753 (La.App. 2nd Cir. 1968); Girard v. Donlon, 127 So.2d 761, 763 (La.App. 3rd Cir. 1961); Drewett v. Carnahan, 183 So. 103 (La.App. 2nd Cir. 1938). The remedy provided by Louisiana Civil Code Article 2444, which provides that sales of immovables may be attacked as disguised donations, operates only for the benefit of forced heirs.
In the instant case, the parties consulted an attorney in drawing up and executing the act of sale. Had they intended that the recited price include additional consideration in the form of past services rendered or future services to be rendered, they should have so expressed. Further, had they intended that the transaction was, in fact, a donation, they should have executed a valid act of donation. They did not.
We note further that the evidence urged by the defendant to prove the plaintiff's alleged donative intent and to prove the additional consideration of past services rendered was admitted at trial only for the purpose of impeaching the plaintiff's testimony. It is clear that even if such evidence is used to enlarge or amend the written provisions of the authentic act of sale, such evidence is not sufficient to establish donative intent on the part of the plaintiff or to establish that additional consideration was paid sufficient to bring the purchase price paid to one-half of the value of the property.
The plaintiff-appellee has answered the appeal by the appellant claiming that the appeal is frivolous and thereby seeks damages. We find that this contention is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the appellant.
AFFIRMED.

On Application For Rehearing
Before LANDRY, EDWARDS and COLE, JJ.
PER CURIAM:
To remove any doubt as to the time within which defendant-appellant, Paul K. Scott, may pay to plaintiff-appellee, Mrs. Lindy Webb, the difference in the value of the subject property and the amount previously paid therefor, we clarify our opinion to state that the sixty (60) day period decreed shall run from the finality of the affirmed judgment.